## COURT OF APPEALS OF OHIO
No. 102
PENNSYLVANIA R. R. v. ELLIOTT
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 26, 1923.
225. CHARGE TO JURY—Refusal to give request to charge, eliminating theory of plaintiff as to manner of causing injury, held not erroneous.

Empanelling incompetent juror held not subject of error unless shown in record.

114. ATTORNEY AND CLIENT—While it is clearly reversible error for an attorney retained by one party to change sides and appear for adverse party at trial, reviewing court neither considers it proper nor its duty to reverse in absence of exception in record.

ROBERTS, J.
### Epitomized Opinion
First Publication of this Opinion
Elliott sued R. R. in Mahoning Common Pleas, alleging that in crossing R. R. tracks she caught her foot in worn out planking, fell forward, and was severely injured. Evidence disclosed that just as she was clearing the tracks, a train came by. Whether she was hit by the train was disputed. The court refused to charge that it was Elliott's duty to exercise reasonable care to discover an approaching train, and if she went upon the tracks in such close proximity to the approaching train that the engineer could not, in the exercise of ordinary care, avoid striking her, she could not recover. This was assigned as error. One of the jurors had a claim against this R. R. Co., which was in the hands of an attorney at the time of the trial. Counsel for R. R. Co. contended that they asked the jury generally whether any of them had a claim against this R. R., and no one answered in the affirmative. The record did not show questions and answers in the selection of the jury. The fact that this juror had a claim

## STATE COURT OF APPEALS—Continued

against the R. R. was not discovered by counsel for the Co. until after the trial. Affidavits in support of these facts were attached to the briefs of the R. R. Co. Mr. He'm, who appeared as counsel for Elliott at the trial, was a member of the firm which represented the R. R. Co. at the time this action was instituted, and he swore, as attorney for the R. R. Co., to the answer filed by the Co. in this action. Counsel for the R. R., at the trial, made no objection or exception to the participation of Mr. Heim in the case. The jury returned a verdict for Elliott in the sum of $22,500. In affirming the judgment, the Court of appeals held:

1. As to the requested charged of the R. R. Co., if it had been given, it would wholly have eliminated from the consideration of the jury, the theory of Elliott as to the manner in which the acc'dent had occurred, namely—that she was injured by reason of falling upon the crossing by reason of its condition.

2. As to the incompetent juror, if the fact be as asserted, and this court has the right to so learn and consider, that would be a cause for a reversal of this judgment. However, what took place in the impaneling of the jury was a part of the trial of that case, and the law is settled that that which takes place during the trial can only be considered by a reviewing court when it is made a part of the record and has been certified to and thereby receives absolute verity by the certificate of the trial judge.

3. "When an attorney becomes such for a client, he is presumed to have been taken into the confidence of the client, and has received information and knowledge of a confidential nature, and he should not, as a matter of right, and cannot, as a matter of law, be heard to deny an absence of information of a confidential nature." It is clearly reversible error for an attorney to change sides in an action, but in this case it does not appear that an objection or exception was made by counsel for the R. R. Co. to the partic'pation of Mr Heim in the trial of the case. This was a matter. wh'ch counsel might have weighed. Therefore in the absence of objection or exception appearing in the record, this court does not consider it proper, nor its duty to say that there was prejudicial error, justifying reversal of the case.

Attorneys—Harrington, DeFord, Huxley & Smith, for R. R. Co.; I. G. Matthews, W. P. Barnum and F. J. Heim, for Elliott; all of Youngstown.