## KERR v B F GOODRICH CO

Ohio Appeals, 9th Dist, Summit Co

No 2777. Decided Oct 2, 1936

Carl M. Myers, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

By STEVENS, J.

Plaintiff, Bertram Kerr, an infant, brought suit by his father, as next friend, to recover damages for personal injuries alleged to have been sustained by him in a collision between the automobile in which he was riding as a passenger, and an automobile of defendant, admittedly driven by defendant's agent.

Numerous specifications of negligence were set forth, the principal of which were excessive speed of defendant's car immediately before and at the time of the collision, and failure of the driver of defendant's car to have the same under control, and to keep a lookout for other vehicles lawfully using said highway.

The answer denied generally the allegations of the petition, and set up that plaintiff was guilty of contributory negligence.

Trial to a jury resulted in a verdict in favor of plaintiff for $2,500, and from the judgment entered thereon, defendant appeals on questions of law to this court.

The errors assigned by defendant are:

1. Errors in the special charges of plaintiff, given before argument.

2. Errors in the general charge of the court.

3. That the verdict is against the weight of the evidence.

4. Excessive damages.

5. Misconduct of jurors, which prevented defendant from having a fair trial.

Plaintiff's special request No. 3 to charge before argument, read as follows:

"The court says to you as a matter of law that if you find by the greater weight of the evidence that the defendant, the B. F. Goodrich Company, was operating its car at a speed greater than was reasonable and proper under all the circumstances existing at the time in question, and thereby proximately caused or proximately contributed, even though in the slightest degree, to injuries to the plaintiff, your verdict must be for the plaintiff, if the plaintiff himself was free from negligence proximately causing or contributing to cause his own injuries."

It is claimed that the charge, as given, was incomplete in that it omitted that portion of the statute (§12603, GC) dealing with "the traffic, surface and width of the road or highway and of any other conditions then existing."

It is true that said charge does not, in terms, include all of the provisions of the statute, but when it is considered in connection with the general charge, which fullly set out the provisions of §12603, GC, we are unable to say that the giving of plaintiff's special request No. 3 constituted error.

Plaintiff's request No. 6 appears to us to state a correct proposition of law, and to be free from error.

We do not find the general charge of the court to be susceptible to the complaint made concerning it, and we find no prejudicial error therein.

With respect to the claims of excessive damages, and that the verdict is against the weight of the evidence, we find that these assignments of error are not borne out by the record.

We come now to a consideration of the alleged misconduct of certain jurors, which consisted of a failure upon the part of said jurors to disclose upon voir dire examination that they had had personal injury claims growing out of automobile accidents, or industrial injuries.

The questions propounded upon voir dire examination to said jurors were as follows:

"* * * Have any of you or any of your relatives by blood or marriage ever had any claim or lawsuit for personal injuries, property damage or death, against any person, firm or corporation, including the B. F. Goodrich Company?"

"Anybody else ever been involved in an automobile accident or any other kind of an accident, wherein you have sustained injuries of some kind?"

"Have any of you ever been hurt out in the factories or been hurt at your place of employment?"

It is claimed by appellant that the jurors Drengler, Tinsley and Young had each had either personal injury claims, growing out of automobile collisions, or industrial claims, and that said jurors failed to disclose, in response to the above questions propounded to them upon voir dire examination, said personal injury claims or industrial claims.

An examination of the record made upon the hearing of the motion for a new trial, shows that the juror Tinsley made no misstatement, nor was he strictly guilty of a concealment, when he failed to answer appellant's questions in the affirmative.

The juror Drengler is shown, by the record, to have sustained an injury while in

the employ of the General Tire & Rubber Co., upon which he made a claim for industrial compensation, which claim was denied for the reason that said injury was not sustained within the course of his employment. It thus appears that said juror did have a claim, or at least he thought so to the extent of presenting the matter to the industrial commission, and his failure to disclose to defendant's attorneys these facts, when questioned concerning them upon voir dire examination, amounted to a concealment.

The juror Young is shown by the evidence adduced in the hearing upon motion for a new trial to have concealed the fact that he had sustained two injuries in the course of his employment at the Goodyear Tire & Rubber Co., one of which was a leg injury which incapacitated him for two months, and for which he received compensation, and the other an injury to his great toe which did not incapacitate him in excess of seven days. These injuries he failed to disclose to counsel for appellant, when examined upon voir dire examination, and it is claimed by appellant that the failure of said juror, and of the juror Drengler, to make such disclosures, in response to the questions of appellant's counsel, disenabled said counsel to intelligently exercise his right to challenge for cause upon suspicion of prejudice, or to challenge said jurors peremptorily.

It appears further that neither defendant, nor its counsel, had any knowledge of said jurors' injuries prior to the rendition of the verdict herein.

At common law, challenges to jurors were divided into two classes: propter defectum, which is the lack of some special legal requirement, and propter affectum, which is bias.

In approaching a consideration of the question as to whether a new trial will be granted, for an objection to a juror made after verdict, there are to be considered, with reference to the particular jurisdiction (1) the general policy of the jurisdiction on the subject, and the local statutes; (2) how far the matter is discretionary with the trial court, and whether that discretion is reviewable; (3) whether prejudice must be shown, and what is considered to be prejudice; and (4) the question of due diligence.

While but comparatively few cases, in terms, lay down general rules distinguishing propter defectum and propter affectum,

it is probable that the general theory of most of the modern courts is fairly stated in State v Brockhaus, 72 Conn. 109, 43 Atl. 850, where the court said:

"As to the qualifications of jurors, there are some which may be called inherent. They are those necessary to impartial and honest action. A disqualification of this kind is ordinarily fatal, unless it is known to exist at the time of trial, and is then waived. The want of other qualifications directed by custom or statute for general reasons of policy, and which cannot substantially affect the capacity or impartiality of a juror, does not constitute a defect, unless discovered and taken advantage of before verdict. This seemingly underlies the distinction drawn at common law between challenges propter affectum and delictum, and challenges propter defectum. It furnishes the test whether the irregularity is one absolutely healed by verdict, or is one giving sufficient ground for new trial unless known to and waived by the party complaining. Ownership of certain property, and limitations of age so long as the juror has legal capacity, are plainly qualifications that have little, if any, relation to the ability of a juror, and none to his honesty or impartiality."

And the court further stated:

"A new trial will not be granted for technical and harmless error. * * * A disqualification of juror which goes to his honesty or impartiality may be the cause of actual injustice, and is ordinarily ground for a new trial, unless it was known to the petitioner and waived by him during trial. * * * A statutory qualification which is strictly technical is healed by verdict, unless the statute unmistakably provides the contrary."

The statute in Ohio with reference to new trials is §11576, GC, which provides in part as follows:

"A former verdict, report, or decision, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights:

"* * *

"2. Misconduct of the jury or prevailing party."

There is nothing in the record herein to indicate any misconduct, with reference to any of the jurors, upon the part of appel-

lant or its counsel, and the question presented resolves itself into a consideration of the proposition as to whether the concealment, practiced by the jurors Young and Drengler, constitutes misconduct of the jury, and, if so, the results flowing therefrom.

It will be observed that the foregoing statute, §11576, GC, provides that a new trial shall be granted to the party aggrieved for causes affecting materially his substantial rights. So far as we have been able to discover, the Supreme Court of the state of Ohio has not spoken upon the precise question here presented; however, there are decisions of courts inferior to the Supreme Court, dealing with said subject, which we feel have determined the policy to be followed in this state, and which we are constrained to follow. One of these is the case of Bershiet v Cincinnati Traction Co., 3 N.P. (N.S.) 575, decided by the Superior Court of Cincinnati, wherein is contained a somewhat exhaustive discussion of the question under consideration. The syllabi of said case are as follows:

"1. A party who has been diligent as to the examination of proposed jurors, can not be required to submit his case to jurors who are disqualified by law and but for their own misconduct would have been subject to challenge.

"2. When proposed jurors are sworn on their voir dire, they are sworn to tell the whole truth, and not a part of it, and their answers should squarely meet, without evasion, what is fairly expressed by the terms of the questions; and where one undergoing such an examination was guilty of evasion or concealment, the party examining him was deprived of a substantial right and is entitled to a new trial."

Also, Machamer v Warner, 7 Abs 166, decided by the Third District Court of Appeals, wherein the reasoning of the Bershiet case, supra, was followed and the same conclusion reached.

The latest case which we have been able to discover is that of Cleveland Ry. Co. v Myers, 50 Oh Ap 224, (19 Abs 72), wherein syllabus 1 provides:

"1. Where prospective jurors, on voir dire examination in a personal injury negligence case, are asked whether any one of them had ever had a claim for personal injuries against anyone, and one juror who had, remained silent and sat in the case, the defendant, by reason of such misconduct on the part of the juror, is denied the right to challenge such juror on suspicion of prejudice or peremptorily, and is entitled to a new trial."

In the opinion in said case, it is stated on page 226:

"We conclude that when juror Harrison, in response to the questions put to him, failed to disclose that he had suffered such personal injuries in an accident, defendant by reason thereof was thereby denied a substantial right, the right to challenge him upon 'suspicion of prejudice' or, peremptorily, and that this was misconduct materially affecting defendant's rights." (Emphasis ours).

That case squarely decides that concealment of material facts upon the part of a juror affects a substantial right of the party complaining, and is such misconduct of the jury as requires the trial court to grant a motion for a new trial, predicated upon the claim of misconduct of the jury.

The foregoing cases, to us, appear to commit the courts of Ohio (at least until a different rule is announced by the Supreme Court) to the proposition that concealment by a juror or by jurors of material facts, concerning which inquiry is made by counsel upon voir dire examination, deprives the party complaining of a substantial right: i.e., the right to challenge upon suspicion of prejudice, or peremptorily; and requires the trial court to grant a motion for a new trial, duly filed, where one of the grounds alleged in said motion is misconduct of the jury. The reasons for such conclusion, of course, must be apparent. The right to a trial by a fair and impartial jury is one guaranteed by the constitution, and the statutes passed to effectuate the constitutional provisions, accord to litigants the right to challenge upon suspicion of prejudice, or peremptorily.

In order that these rights may be intelligently exercised, it is necessary that jurors make full disclosure as to material facts concerning which inquiry is made upon voir dire examination. This to the end that the very foundation of justice may be kept free from contamination by falsehood or concealment.

We may state that we are unable to discern how any jury, under the facts shown by the record in this case, could have reached a conclusion other than that reached by the jury in the instant case. However, we bow in deference to what we understand

to be the established rule in this state, and order that the judgment of the Court of Common Pleas be reversed for error in failing to grant appellant's motion for a new trial.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.