**DAYTON (City) v PERRY**

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 1723. Decided June 2, 1942.

Ernest W. Kruse, Pros. Atty.,
Dayton, for plaintiff-appellee.

Landis, Ferguson, Bieser & Greer,
Dayton, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Municipal Court of the City of Dayton, Montgomery County, Ohio.

On or about August 23. 1940, an affidavit was filed against the defendant, Howard Perry, in the Municipal Court of the City of Dayton, charging that on or about the 20th day of August, 1940, the said Howard Perry did unlawfully operate a public conveyance, to-wit, a street car, on West Third Street, a public thoroughfare within said city, in that he did operate the same without due regard for the safety and rights of pedestrians and drivers of all other vehicles, and so as to endanger the life, limb or property of persons in the lawful use of the said public thoroughfare; in the following particulars, to-wit: That he drove eastwardly on West Third Street and collided with the rear end of a Chevrolet sedan which was stopped

preparing to make a left hand turn into Lorenz Avenue, thereby knocking said Chevrolet sedan into a Ford coupe which was being operated westwardly on West Third Street, said Chevrolet sedan being the property of Harry Strohmeyer, and said Ford coupe being the property of Roy W. Erbaugh, contrary to Section 307 of the Code of General Ordinances of said City.

Thereafter warrant was duly issued, defendant arrested and arraigned, a plea of not guilty entered, trial set and had before a jury and verdict of guilty returned.

Application for new trial was duly filed, overruled and defendant sentenced to pay a fine.

Defendant within proper time gave notice of appeal and thus lodged the case in our court.

The assignment of errors is set out under five separately numbered specifications, as follows:

"1. Misconduct of the jury in that the juror, Ora Marshall Windle, failed to disclose on voir dire examination that he had formerly worked as a street car operator for the City Railway Company, appellant's employer, and had been discharged by said Company, although questions were asked to elicit that information; and said Windle made statements based on that experience to the other jurors in their deliberations.

2. That the Court erred in overruling the motion of defendant to dismiss at the close of plaintiff's testimony and at the close of defendant's testimony.

3. That the Court erred in failing to set aside the verdict upon the defendant's motion and to either grant defendant judgment or a new trial.

4. That the Court erred in refusing to give defendant's Special Instruction No. 8 reading 'I charge you that there is no Statute in

Ohio, or Ordinance in Dayton requiring the operator of a street car to drive at a speed that will permit him to bring the car to a stop within the assured clear distance ahead.'

5. That the decision was contrary to law and against the weight of the evidence."

We find no merit in assignment of errors Nos. 2, 4 and 5.

Assignment No. 1 presents the vital question.

The bill of exceptions contains the full and complete examination of the jurors on their voir dire. Complaint relates to juror Ora Marshall Windle, who is designated as juror No. 6. He was one of the first twelve to occupy the jury box and thereby not only heard the inquiries made to the original panel but to each additional juror as he or she replaced the one excused. Affidavits of jurors are presented, disclosing that on the early ballots the jury stood nine for acquittal. Several of the jurors stated in their affidavits that an unanimous verdict of guilty was finally obtained mainly through information given by juror Ora Marshall Windle, to the effect that he had formerly been a street car motorman and personally knew that a motorman going at the speed Perry had said he was going, could stop in about 20 feet, and that Perry wasn't telling the truth when he testified that it would take much farther than that to stop a street car.

Under this situation juror Windle was in fact an expert witness against the defendant. The defendant was denied the right to meet the witness face to face and also the right of cross-examination by his attorney.

Notwithstanding this serious situation, it would not be ground for setting aside the verdict and granting a new trial, unless the misconduct is shown aliunde. **Kent v State, 42 Oh St 426; Emmert v State 127 Oh St 235, 242.**

In other words, the law is universal and well established in all jurisdictions, that jurors may not impeach their verdict.

When misconduct is shown aliunde, then affidavits of jurors may be received as showing the injurious effect.

The record discloses that counsel made a very exhaustive interrogation of the prospective jurors as to their qualifications. While the action was one between the State of Ohio, as plaintiff, and Howard Perry, as defendant, yet it was very fully presented to the jury that the defendant was a motorman on a street car and the indirect interest of the street car company was brought out.

Both counsel for plaintiff and defendant in their interrogation of the first twelve jurors addressed them as a whole and not individually. This is common practice and is indulged in in the interest of saving time. Under such an interrogation jurors may not say anything, but they are given to understand that each and every one is to speak up when the nature of the question demands an answer. The specific situation as it applied to juror Windle appears on page 16 of the record. Inquiry was being made by Mr. Rowan A. Greer, attorney for defendant. We quote this part of the inquiry in full:

"Now, have any of you ever had any trouble with street cars or street car companies? This is a case against a street car company. Of course, this is a case against Howard Perry, personally, here, but as an operator of a street car. You might possibly have some feeling against all street car operators if you have had any un-

pleasantness in the past with any street car company, or I wonder whether there are any of you who may have had any relationship of any sort with any street car company that has prejudiced you in any way against the men who have to operate those cars to carry the public from place to place? I take it by your silence that none of you have."

Counsel for the state argues that this is one continuous conglomerate question, and demands no answer unless it could be said that the relationship with the street car company created a prejudice against all operators.

Counsel for defendant controverts this claim and says that after each question there was a pause which would give the opportunity to the prospective jurors to give answers.

Juror Windle in his affidavit states that he recalls that during the impanelling of the jury the attorneys did ask questions about whether any of the jury had any trouble or difficulty with street car companies, or with the City Railway Company in particular. He then says that he thought these questions referred only to accidents with or damage claims against such company, so did not answer the questions. He also recalls that inquiry was made as to whether any were employed by the City Railway Company or connected with it. He then says that he understood this to mean "at the present time", so did not answer that inquiry.

The affidavits of jurors very clearly show that they understood the character and nature of the questions which were being asked.

Independent of these affidavits, we think the context of the interrogation as extended by the court reporter is divided into at least two questions.

The first question is separate and distinct and requires an answer. It reads as follows:

"Now, have any of you ever had any trouble with street cars or street car companies?"

This question certainly applied to Mr. Windle and should have been answered. The explanation as presented in his affidavit does not fully explain.

Following the return of the verdict some of the jurors informed defendant or his counsel as to Mr. Windle's claimed former connection with the street railway company as a motorman. From this lead the attorney for defendant caused a search to be made among the records of the street railway company, and then it was found that many years previously Mr. Windle had been employed as a motorman for the street railway company and had been discharged. Mr. Windle in his affidavit corroborates the evidence of former employment and discharge. Also in his affidavit he corroborates the evidence of other jurors that he did tell the jurors that he had formerly been a motorman and from his experience knew that a car could be stopped within a shorter distance than had been testified to by defendant Perry.

Counsel for the City of Dayton argues that it would not necessarily follow that because Mr. Windle was discharged from his employment as motorman he would have any prejudice at this time against the street car company. We have no hesitancy in saying that the inquiry was proper and the question should have been answered, and while it is probably true that an answer giving the true situation would not have been

ground for challenge, yet it would present a situation under which defendant could have challenged peremptorily.

This principle of law as affecting peremptory challenge is very fully discussed in the case of **Petro v Dunn, 137 Oh St 168.**

From the record as a whole we think the interrogation of the prospective jurors was such that juror Windle should have answered the inquiry and disclosed his former employment and discharge by the street railway company. One other prospective juror disclosed the employment of a relative and subsequently was excused. The fact is that juror Windle's answer to the question would not necessarily have presented a ground for challenge, yet it is fairly inferable that had counsel for the defendant known of such employment and discharge he would have been peremptorily excused. In any event, in the interest of a fair trial, the defendant should have had the right to determine whether or not he desired to excuse the juror peremptorily. The Supreme Court has definitely stated that this is a loss of a substantial right. **137 Oh St 168, supra.**

Another case touching failure of a prospective juror to answer inquiry and its effect is that of **State v Herbert, 55 Oh Ap 87.**

We have also examined the following:

2 O. Jur., page 864, §729;

2 O. Jur., page 1088, §851;

Cleveland Railway Co. v Dixon, 51 Indiana A., 658 (96 N. E., 815);

Slater v United Traction Co., 157 N. Y. S., 909;

Machamer v Warner, 7 Abs 166;

Pennsylvania Railroad Co. v Elliott, 2 Abs., 121;

Kerr v Garage Co., 22 Abs., 685;

Cleveland R. R. Co. v Meyers, 50 Oh Ap 224;

Hobrecht v San Antonio A. P. R., Co. (Texas) 141 S. W., 579.

For the reasons herein stated we determine that the verdict and judgment must be set aside and the cause remanded for new trial.

GEIGER, PJ., & HORNBECK, J., concur.