## STATE COURT OF APPEALS—Continued

No. 679
CINCINNATI TRAC. CO. v. MASTERS
Ohio Appeals, 1st Dist., Hamilton County
No. 2189. Decided Nov. 26, 1923

**1115. STREET RAILWAYS—1. Verdict for driver of vehicle struck by traction car operating rapidly in fog sustained.**

**2. Special request that motorman operating car in fog required to stop in range of vision**

**683. JURY.**

**1. Misconduct of juror to be available must be raised in three-day period.**

**2. In civil action must be of such character as to evidence bad intention.**

**3. Misconduct of juror held insufficient to warrant new trial when no objection was filed during trial.**

HAMILTON, J.                Epitomized Opinion

This was an action for personal injuries brought by Masters against the Cincinnati Trac. Co. Masters was driving his team in an easterly direction in Cincinnati early one morning when he was approached from the rear by a street car going east. When the street car rang its gong the plaintiff turned the wagon off the east-bound track to the left on the west-bound track, he being unable to turn to the right. When he had gotten astride the west-bound track a car immediately appeared in front of him in the fog, whereupon he immediately turned his team to the right, but failed to clear the west-bound car, which struck the wagon and knocked the plaintiff off the same. Masters' hip was crushed and he was severely and permanently injured.

The charge of negligence was the operation of the car at a high and dangerous rate of speed and at a rate of speed that it could not be stopped or checked so as to avoid the collision with plaintiff's wagon, that no gong or signal was given and no warning in any way of the approach of the car; and failure on the part of the company to keep watch for the presence of vehicles upon its tracks. At the close of the evidence a special request of plaintiff was given as follows: "A motorman who operates an electric car in a heavy fog upon a public highway is charged with the duty of having the car under such control that the car can be stopped within the range of his vision."

Upon the voir dire examination one of the jurors failed to disclose the fact that he had had an accident in answer to a question along that line. This juror informed the company of this fact before the trial was completed. As a verdict was rendered for plaintiff, defendant filed a motion for a new trial, but did not set up misconduct of the jury. After the

three day period had elapsed the Traction Company sought to amend the motion for a new trial by filing the added ground of misconduct of the jury. As this motion was overruled, the defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence.

2. While the special request given was subject to criticism, in that it selected one particular act in a series of commission and omission which the court declared to be negligent as a matter of law, yet the jury was not misled or the defendant prejudiced thereby.

3. Misconduct of a juror is a ground for a new trial which must be so produced within the three-day period. 11578 GC.

4. The misconduct of a jury in a civil case, which would render it necessary to set aside the verdict and grant a new trial should be of such character as to evidence bad intention.

5. As there was no evidence of bad intention on the part of the juror, and as counsel for the defendant failed to take objection during the trial, no prejudicial error was committed by this juror sitting in the case.

Attorneys—Leo J. Brumleve, for the Cincinnati Traction Co.; Simeon M. Johnson, Thos. M. Gregory and Edgar M. Powers, for Masters.