### CLEVELAND RY CO v MYERS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14341. Decided March 25, 1935

Squire, Sanders & Dempsey, Cleveland, for plaintiff in error.

Payer, Corrigan & Cook, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

To decide the question under consideration, we do not find it necessary to consider what transpired in the jury room. We conclude that when juror Harrison, in response to the questions put to him, failed to disclose that he had suffered such personal injuries in an accident, by reason thereof defendant was thereby denied a substantial right, the right to challenge him upon "suspicion of prejudice" or, peremptorily, and this was misconduct materially affecting defendant's rights.

The statute, §11419-52 GC, provides the right of a party to challenge a juror "on suspicion of prejudice against or partiality for either party."

Prejudice is a mental attitude of one which can be determined only from acts or expression of the individual. If the true facts are not disclosed in response to proper

74

inquiries on voir dire examination, no party ever could exercise his right to challenge upon suspicion of prejudice. A party has a right to have all proper and pertinent questions on voir dire examination answered truthfully. The juror might deem the question unimportant and remain silent; the juror might make a false answer or remain silent when he ought to disclose the facts pertaining to himself in answer to a proper question. In any of these events the party litigant, in order to protect his rights, is entitled to the information solicited. If the juror remains mute when he should answer, the effect is the same as a false answer. Surely it is a proper and pertinent question which seeks to elicit the fact whether a prospective juror ever had a personal injury accident himself. It may well affect his mental attitude to the prejudice of one claimed to be responsible for personal injuries to another, but in any event it may establish facts upon which the inquiring party may base a peremptory challenge, as it is provided for by §11419-53 GC. If a truthful answer is not given by the juror, there is no way that a party may determine facts upon which to base a challenge upon suspicion of prejudice or even peremptorily.

Counsel for plaintiff protests that the initial information which started the inquiry into the fact of a prior personal injury suffered by juror Harrison was the result of information disclosed by a member of the jury because of conversations by juror Harrison in the privacy of the jury room. Counsel therefore claims that all such information gained should be excluded by the court.

Upon the hearing of the motion for a new trial there was testimony of witnesses which disclosed facts outside of the happenings in the jury room. The deposition of juror Harrison himself disclosed that he had had this prior personal injury accident. The deposition of the doctor disclosed that he had treated juror Harrison for such injuries which were very serious in their nature and that he had spent some time in a hospital as a result thereof. So there is sufficient evidence of facts, without considering that which occurred in the jury room itself, to disclose that juror Harrison, prior to this trial, was involved in a personal injury accident himself. All of this information was properly presented to the trial court upon the motion for a new trial.

We hold, that by the non-disclosure by juror Harrison of such personal injuries to himself, that defendant thereby was denied a substantial right and that the trial court was in error in refusing to grant a new trial therefor.

It is our conclusion that the judgment should be reversed and the case remanded for a new trial.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.