SCOTT, APPELLANT, *v.* CANTON MOTOR COACH, INC., APPELLEE.

**280**

(Decided February 4, 1938.)

*Messrs. Burt, Kinnison, Carson & Shadrach,* for appellant.

*Messrs. Black, McCuskey, Ruff & Souers* and *Mr. Donald K. Merwin,* for appellee.

SHERICK, J.   As a result of a personal injury growing out of an automobile collision, the plaintiff recovered a sizable verdict by the unanimous approval of a jury.   Within three days thereafter the defendant moved for a new trial upon seven grounds, as set forth in its motion.   Twelve days thereafter and before a hearing was had thereon, it filed a supplemental motion for a new trial and alleged therein an eighth ground, which recited "for misconduct on the part of the juror Robert Kuhn on his *voir dire* examination * * *."

Plaintiff thereupon moved that the supplemental motion be stricken from the files.   Before this motion was passed upon defendant filed an amended motion for a new trial, which embodied the eight grounds alleged in its two prior motions. To this last or amended motion plaintiff filed a further and like motion to strike.

Thereafter, the motions to strike having been previously heard and decided adversely to plaintiff, the three motions for a new trial came on to be heard and the court granted a new trial.   Its judgment was predicated exclusively upon the eighth ground.   From this order the plaintiff appeals.   It is maintained that the

court erred in overruling the motions to strike and in sustaining the motion for a new trial.

Plaintiff points out that Section 11578, General Code, requires that an application for a new trial must be made by the aggrieved party within three days from the verdict complained of "unless he is unavoidably prevented from filing it within such time."

Defendant goes further and asserts that an amendment of a motion for a new trial is permissible by virtue of Section 11363, General Code, which is the general section directing courts "in furtherance of justice" to "amend any pleading, process, or proceeding." The plaintiff denies the applicability of this section to a motion for a new trial. But be that fact as it may, the dispute is of little moment, as are the early court interpretations of the question, in view of the court's recent holding in the case of *W. & L. E. Ry. Co.* v. *Richter,* 131 Ohio St., 433, 3 N. E. (2d), 408, that "after the prescribed time has elapsed for filing motion for a new trial, a movant may not amend or supplement a seasonably filed motion with new and independent grounds, especially if he was aware of such grounds when his motion was originally filed."

It has been repeatedly held that the word "must" appearing in Section 11578, General Code, is of mandatory character. The court in the *Richter case* so concludes. It was dealing with a case within the general rule and not the exception to the rule. By way of emphasis, the court pursued its comment by remarking that such was specially true if the aggrieved party knew of the existence of such a ground when his motion was filed. In *Cincinnati Traction Co.* v. *Masters,* 2 Ohio Law Abs., 648, which is an epitomized opinion, the court seems to have gone the whole way and held, without note of any exception, that: "Misconduct of a juror is a ground for a new trial which must be so produced within the three-day period."

It clearly appears that Section 11578, General Code, contains an exception in that the movant must file his motion in season "unless he is unavoidably prevented from filing it within such time." The relaxation of the rule in a proper case is made dependent upon the words "unavoidably prevented." This means that the movant must be unavoidably prevented from ascertaining a ground for a new trial within time to incorporate it in his motion for a new trial within the three-day period. Now, in the light of the well accepted and known meaning of these simple words, we must inquire of the record as to what is therein shown, if anything, that prevented the defendant from being advised of a juror's misconduct. If diligence would have disclosed such a fact to exist within the period prescribed by the law, then surely any delay thereafter would not have been "unavoidable," for it would certainly have been unnecessary and avoidable. We also recognize that to be diligent one must have knowledge of that which should inspire activity and promptness in one's behalf. Did the defendant possess any knowledge of a juror's perfidy at the time of the rendition of the verdict? If so, was defendant diligent in its discovery?

It is shown by the record that upon *voir dire* examination of the juror Kuhn, he was asked concerning a litigated damage action of ten years ago. It appears that the juror, as his daughter's next friend, instituted an action against one who was represented by defendant's firm of attorneys. No member of that firm appeared in that cause. It was represented, however, by two of its employees, one of whom appears of counsel at the trial table and in this court. The juror was asked if defendant's firm of attorneys had not appeared against him in his daughter's case. His answer was "no." He said he did not know that counsel in that case were employed by the firm of attorneys;

that he knew two members of the firm; that this firm had represented him in several matters in the past; that he did not have this old litigation in mind throughout the trial. There is a difference in recollection as to just what was asked on *voir. dire,* that is, as to whether the daughter's case was one for personal injury or damage generally. At least, the juror answered that he understood that it referred to personal injury. The law firm's employee stated that he had a recollection of opposing Kuhn in that suit. This lurking recollection was so strong that he had a deputy clerk hastily check the court indexes to verify his remembrance before the jury was sworn.

From this state of facts it is clear that defendant's counsel did have knowledge of the probability that the juror was or was not telling the truth of the fact as he understood it. The law firm's employee, on the other hand, had an equal opportunity of knowing the truth of the past litigation. His office files and the public record were open to him. Knowing that this motion must be filed within three days, did they act with diligence and promptitude? We believe not. If the matter was of importance, counsel for defendant did not examine the court records until after the three-day period. They do not tell this court that they had been led to disbelieve the juror from extrinsic knowledge otherwise obtained, but state in open court that the happenings at the trial and their abiding doubt prompted their delayed search. We are therefore of opinion that defendant had knowledge and opportunity for diligent inquiry within season and that it was not "unavoidably prevented" from asserting its eighth ground of error and that the facts do not bring it within the only exception appearing in the statute. It follows that the trial court was in error when it overruled the defendant's motions to strike the supple-

mental motion and the amended motion from the files and in sustaining the motion for a new trial.

We are directed to the case of *Cleveland Ry. Co.* v. *Myers,* 50 Ohio App., 224, 197 N. E., 803, as authority supporting the defendant's views. We do not find it so. In that case the exactness of the *voir dire* examination is preserved, which is not the fact in the case at bar. It developed later that a juror had a pending action for personal injury, which the juror concealed. This was not known or discovered until after the three day period. We perceive no difficulty in distinguishing these cases.

Going to the merits of the pending controversy, we are of the view that there was perhaps a sufficient disclosure. It is to be presumed that the juror told the truth in answer to the questions indistinctly remembered and upon which the evidence is in conflict. The court had no clear recollection of the matter, if that be material. The fact is that the burden rested upon the aggrieved party to produce convincing evidence that the juror falsified. Suspicion and presumption should not be sufficient to overthrow an otherwise clear right to a judgment on the verdict. Even if the facts are true, as the defendant would interpret them, we entertain grave doubt if such was sufficient establishment of a ground for a challenge for cause. Defendant's counsel stated that they would have exercised a peremptory challenge. The record before us does not disclose that their right in that respect had not been exhausted.

It is the judgment of this court that the trial court committed prejudicial error in sustaining the motion for a new trial. It is therefore ordered that the cause be remanded with instructions to the trial court to vacate its prior orders and to enter judgment on the verdict. It is to be understood that this court has in no manner considered any of the errors that may be

asserted by the defendant in an appeal from the judgment to be entered, if an appeal therefrom be perfected.

*Judgment reversed.*

MONTGOMERY, P. J., and LEMERT, J., concur.