THE STATE OF OHIO, APPELLEE, *v.* WALDEN, APPELLANT.

(No. 84AP-31—Decided July 19, 1984.)

*Michael Miller,* prosecuting attorney and *Karen L. Martin,* for appellee.

*Yelsky & Lonardo Co., L.P.A., Leonard W. Yelsky* and *Angelo F. Lonardo,* for appellant.

WHITESIDE, J. Defendant-appellant Linda Walden appeals from a judgment of the Franklin County Court of Common Pleas and raises three assignments of error as follows:

"1. The trial court erred in denying appellant's motion for a new trial where the misconduct of the jury materially and prejudicially affected appellant's fundamental right to a fair and impartial consideration of the facts and law as presented in court, as mandated under the Fifth, Sixth and Fourteenth Amend-ments of the United States Constitution and Article I, Sections 5 and 16 of the Ohio Constitution.

"2. The trial court erred in denying appellant's motion for new trial where the misconduct of the prosecuting attorney materially and prejudicially in-terferred [*sic*] with appellant's fundamental right to a fair and impartial trial as mandated by the Fifth and Four-teenth Amendments of the United States Constitution and Article I, Sections 5 and 16 of the Ohio Constitution.

"3. The trial court erred in denying appellant's motion for a new trial as ap-pellant was unavoidably prevented from discovery of new evidence within the statutory time period."

Linda Walden was found guilty by a jury of the lesser included offense of murder after a somewhat lengthy trial upon a charge of aggravated murder. She appealed to this court, which af-firmed her conviction, and the Supreme Court denied further review of her case. Thereafter, defendant Linda Walden filed a petition for relief after judgment and a motion for leave to file a motion for new trial pursuant to Crim. R. 33(A)(2).

In her petition for relief after judg-ment, defendant contended: (1) that she was denied a fair trial and due process of law by jury misconduct, including mis-conduct by a specific juror; and (2) that she was denied a fair trial and due pro-cess of law by acts of the prosecution in knowingly and unlawfully withholding and concealing exculpatory evidence. In support of her motion for leave to file a delayed motion for new trial, defendant made essentially the same allegations as to misconduct of jurors and, in addition, alleged misconduct by a specific witness who testified for the state at her trial.

Although there was a long delay be-tween the completion of the trial and the filing of these motions, defendant con-tends that she first learned of the grounds for the motion shortly before the filing of the motion for new trial. At

that time, a witness appeared and gave information concerning misconduct of a juror and a witness, which he had not previously revealed but which he was prompted to reveal as a result of a newpaper article concerning the filing of the petition for relief after judgment. The affidavit of this witness was attached to the motion for leave to file a delayed motion for new trial.

With respect to the petition for post-conviction relief, the state first filed an answer and then a motion for summary judgment but attached no affidavits or other evidence in support of the motion for summary judgment. The argument in support of the motion for summary judgment was directed primarily to whether or not a motion for new trial should be granted, rather than the petition for post-conviction relief.

In response to the motion for summary judgment, defendant resubmitted the affidavit in support of her application for leave to file a motion for new trial, together with an affidavit of trial counsel for defendant stating that he was unaware of the grounds for the motion for new trial, apparently until the witness came forward, and that diligent efforts to ascertain some of the facts contained in the affidavit of the witness were thwarted by refusal of a juror to discuss any matter with either the attorney or an investigator. The notice of hearing of the motion for summary judgment indicated that no oral hearing would be scheduled. Defendant filed a motion to consolidate the issues raised by the application for leave to file a motion for new trial and the petition for post-conviction relief and requested an oral hearing on the merits of the issues raised.

The trial court did not specifically rule upon this motion but found there to be no genuine issue of material fact and granted the motion for summary judgment, finding that defendant had failed to show that she was unavoidably prevented from filing her motion for new

trial within fourteen days after the verdict, that she had failed to show that she was unavoidably prevented from discovery of evidence upon which she now relies within one hundred twenty days after the verdict, that she had failed to show that claimed juror misconduct affected the verdict or prejudiced defendant, that her "claim of perjury as to one of the jurors is without foundation," that her claim of misconduct of a witness is without foundation, that the prosecution had provided defendant with complete discovery prior to trial and that the transcript did not reveal any issue that the state failed to disclose.

While the court's decision adopted the argument of the prosecution in support of its motion for summary judgment, it did not directly address the issues raised by the motion for leave to file a delayed motion for new trial or the petition for post-conviction relief.

Neither the motion nor the petition was predicated upon claimed perjury by either a witness or a juror. Rather, both were predicated upon alleged misconduct of two jurors and a witness, both of which are grounds for a new trial pursuant to Crim. R. 33(A)(2), relied upon by defendant. That rule also provides that a new trial may be granted for misconduct of the prosecuting attorney, which defendant alleged in connection with her petition for relief after judgment.

The prosecution, in support of its motion for summary judgment, states that the transcript of the voir dire examination negates the claim that a juror failed to reveal that her son had pleaded guilty to delinquency for commission of the offense of gross sexual imposition, a lesser included offense of the crime of rape with which he had been charged. This assertion is also made in this court upon appeal, with specific references to the transcript. Unfortunately, the transcript of proceedings, which was filed in connection with the prior appeal

and remains part of the record upon this appeal, does not include the voir dire examination, the court reporter's certificate indicating that voir dire has been excluded from the transcript. The page references made by both the state and defendant with respect to the transcript in connection with the voir dire do not pertain to voir dire of the jury. Nor does the record on appeal indicate that a transcript of the voir dire examination was filed with the trial court prior to the entering of the order from which this appeal is taken. It would appear, therefore, that both the state and defendant have a copy of the transcript of the voir dire of prospective jurors, which is not included in the record on appeal.

In connection with the allegation of prosecutorial misconduct, defendant has alleged to the effect that the prosecution had knowledge and possession of exculpatory evidence, of which it neither advised defense counsel nor presented at trial, consisting of documented police reports concerning harassing phone calls and property damage complaints made by defendant to the police. The prosecution did not by affidavit or otherwise, except for the general denial, controvert this allegation of prosecutorial misconduct. Rather, the state points out that neither complaint made specific reference to the victim as being the harasser, that the complaints were made a few weeks earlier than the testimony at trial might indicate, and that, because of the volumes of reports in the police department, it might be difficult to locate these particular complaints. The state concedes that defendant had made a specific request for discovery, including all exculpatory evidence. As will be explored later, the issue is whether the prosecution knew of the existence of these reports and deliberately withheld that information, not whether the information could have been obtained by the prosecution if it had searched the police files. Copies of these police reports are attached to defendant-appellant's brief herein, but do not appear in the record on appeal and, accordingly, are not part of the record that this court may consider in determining this appeal.

Defendant seeks a new trial predicated upon grounds set forth in Crim. R. 33(A)(2), namely, "[m]isconduct of the jury, prosecuting attorney, or the witnesses for the state." Defendant contends that these causes not only materially affected her substantial rights but also rise to a constitutional magnitude constituting denial of due process, including trial by a fair and impartial jury. Thus, defendant has sought relief both under Crim. R. 33 and pursuant to R.C. 2953.21. Defendant has also made some mention of being entitled to a new trial upon the grounds specified in Crim. R. 33(A)(6), newly discovered evidence.

Crim. R. 33(B) provides that a motion for new trial other than upon the grounds of newly discovered evidence must be filed within fourteen days after the verdict was rendered "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial." If a delayed motion be authorized, Crim. R. 33(B) then provides that: "* * * [T]he motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein." There are similar provisions with respect to motions for new trial on grounds of newly discovered evidence, except that the time for filing such motion is one hundred twenty days after the verdict was rendered, and to file a delayed motion defendant must show that she was "unavoidably prevented from discovery of the evidence" within such one hundred twenty-day period.

With respect to the application for leave to file a delayed motion for new

trial, the only evidence before the trial court were two affidavits, one by her former counsel and the other by a witness having knowledge of alleged misconduct of a juror, who was his secretary at the time of trial, and of a witness, who was his tenant at the time of trial. He specifically states that he had previously held the information confidential and decided to reveal it only after reading a newspaper article concerning the filing of defendant's petition for relief after judgment. The only issue initially before the trial court was whether or not defendant was unavoidably prevented from filing her motion for new trial, and the only evidence before the court with respect thereto indicates that she had no knowledge and no reasonable means of securing information as to the existence of the grounds for the motion for new trial until shortly before the filing of the motion for leave to file a delayed motion for new trial. As the trial court indicated, defendant could have physically filed a motion for new trial within fourteen days after the jury verdict; however, because of lack of information, she could not have included the grounds which she now asserts in any such timely filed motion for new trial. Likewise, to the extent that the information is considered newly discovered evidence within the meaning of Crim. R. 33(A)(6), the only evidence in the record indicates that defendant could not reasonably have discovered the existence of the now alleged grounds for new trial within one hundred twenty days after the verdict.

In *Holmes* v. *United States* (C.A.4, 1960), 284 F.2d 716, Judge Haynsworth stated that there are two types of newly discovered evidence: (1) evidence bearing upon the substantive issue of guilt; and (2) evidence bearing upon the integrity of the trial. The federal court in that case applied a newly-discovered-evidence rule to both types of newly discovered evidence, in part because

there was no provision similar to Crim. R. 33(B) providing for a delayed motion for new trial upon the ground of later discovered juror misconduct, which was the issue involved in *Holmes*. Thus, the issue before us is whether the "unavoidably prevented" provision of Crim. R. 33(B) includes the inability of the defendant to ascertain the grounds for new trial within the regular fourteen-day period for filing a motion for new trial.

Crim. R. 33(B) is apparently derived from the statutory provision for new trials in a criminal case, R.C. 2945.80, and is somewhat analogous to former R.C. 2321.19 and G.C. 11578, which provided in civil cases for a delayed filing of a motion for new trial if "a party was unavoidably prevented from filing an application for a new trial," within the prescribed time. In *Scott* v. *Canton Motor Coach, Inc.* (1938), 60 Ohio App. 279 [14 O.O. 156], the court, at 282, construed the "unavoidably prevented" provision of G.C. 11578 as meaning "that the movant must be unavoidably prevented from ascertaining a ground for a new trial" within time to include it in a timely filed motion for new trial. The court found the test to be whether the movant in the exercise of diligence could have discovered the ground asserted in support of a delayed motion for new trial within the prescribed time for filing such a motion. A similar conclusion was reached in *Seagrave* v. *Hall* (1895), 10 Ohio C. C. 395, wherein the court, although noting no motion for new trial was necessary to preserve the error, stated at 405:

"* * * We have much doubt if, under the circumstances, the statute making the limitation applies, where knowledge of the matter complained of comes to the party complaining after the expiration of three days from the date of the rendition of the verdict, in the absence of laches on his part. * * *"

Accordingly, a party is unavoidably prevented from filing a motion for new

trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. Here, it is quite clear that defendant could not reasonably have learned within fourteen days after the verdict of the existence of the alleged misconduct of jurors and of the witness which she now attempts to assert by way of a motion for new trial.

In this regard, Crim. R. 33(B) contemplates a bifurcated procedure: (1) a motion for leave to file a delayed motion for new trial supported by evidence demonstrating that the movant was unavoidably prevented from ascertaining the ground sought to be asserted by way of motion for new trial within fourteen days after the rendering of the verdict; and (2) if the motion be granted, the filing within seven days of the actual motion for new trial properly supported by affidavit demonstrating the existence of the grounds for the motion pursuant to Crim. R. 33(C). Misconduct of the jury, the prosecuting attorney or witnesses for the state are particularly susceptible to nondiscovery within fourteen days after the verdict where the misconduct did not consist of affirmative acts at trial but, instead, involve matters not occurring in open court and generally not known to either the court or counsel at the time of the occurrence. Under the circumstances, the trial court should have permitted defendant to file her motion for new trial, which then could be determined upon its merits. The juror and witness misconduct which is stated in the affidavits presented in support of the motion for new trial could result in such prejudice as to necessitate the granting of a new trial, assuming that the statements set forth in the affidavits are proved as having occurred.

Although the parties and the trial court refer primarily to the granting of a new trial, defendant has also sought relief after judgment upon constitutional grounds. The basic difference between a motion for new trial under Crim. R. 33 and a petition for relief after judgment pursuant to R.C. 2953.21 is that the latter must be predicated upon denial or infringement of constitutional rights so substantial as to render the judgment void or voidable. While such a basis may constitute justification for a new trial pursuant to Crim. R. 33, only prejudical error need be demonstrated in support of such a motion. Accordingly, relief under R.C. 2953.21 is not available where the defendant has litigated the issue by way of motion for new trial or upon appeal.

Here, however, defendant in her petition makes allegations of prosecutorial and juror misconduct and, by the nature of the allegation, could not have known of the prosecutorial misconduct, defendant alleging that she "was prejudiced by the acts of the prosecution in knowingly and unlawfully withholding and concealing certain exculpatory evidence." The petition is verified, making it an affidavit in support of the factual allegations set forth therein. On the other hand, as noted previously, the state presented no evidence in support of its motion for summary judgment, leaving the only evidence before the court upon that motion, the trial record and defendant's verified petition. Since the trial record, including the transcript, would not reveal whether or not the prosecution knowingly and intentionally concealed exculpatory evidence, there could be, and is, nothing in the record refuting defendant's contention of prosecutorial misconduct. R.C. 2953.21(E) provides that:

"Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclu-

sions of law upon entering judgment thereon."

Pursuant to R.C. 2953.21(D), however, summary judgment is appropriate only if the right thereto "appear[s] on the face of the record."

Defendant contends that she was denied a trial by fair and impartial jurors because some of the jurors discussed the merits of the matter other than during jury deliberations and sought outside evidence regarding matters so discussed. She further alleges that one specific juror improperly failed to reveal that her son had been charged with delinquency predicated upon rape and that he had pleaded guilty to delinquency predicated upon gross sexual imposition. As noted previously, counsel apparently have access to a transcript of the voir dire examination, which was not included in the transcript of proceedings presented upon the prior appeal, and the record does not indicate that an additional transcript was filed in the trial court subsequently, and there is no transcript of voir dire as part of the record on appeal. However, even assuming that, as the state contends, the voir dire was equivocal as to whether a direct question concerning the issue was asked of this specific juror, summary judgment would not be appropriate. With respect to a civil case, it was held in *Cleveland Ry. Co.* v. *Myers* (1935), 50 Ohio App. 224 [3 O.O. 1], that the failure of a juror to reveal in response to a general question asked of the jurors generally rather than specifically, that sometime in the past he had received personal injuries in an accident, constituted such juror misconduct as to necessitate the granting of a new trial because the aggrieved party had been denied the right to challenge the juror either on the grounds of suspicion or prejudice or peremptorily.

Defendant also contends that the prosecution willfully concealed exculpatory evidence consisting of documented police reports verifying defendant's testimony at trial that she had made prior complaints to the police concerning harassing phone calls and malicious destruction of property.

The state contends that the evidence would have been only cumulative, varied from the time references made by defendant and did not specifically mention the victim. Therefore, argues the state, no prejudice could result from concealment of such evidence by the prosecution. Even assuming that this could be true under some circumstances and in some cases, it is not true in this case. Here, there is no dispute but that defendant killed the alleged victim by shooting him twice with a shotgun. The issues for determination by the jury were whether defendant acted in self-defense and, if she failed to prove that she so acted, the degree of the crime she committed. Defendant was charged with aggravated murder, that is, purposely killing the victim with prior calculation and design. The jury found defendant had failed to prove by a preponderance of the evidence that she acted in self-defense and that the state had failed to prove beyond a reasonable doubt that she acted with prior calculation and design, that is, planned in advance to kill the victim. Therefore, the jury found defendant guilty of murder, that is, purposely causing the death of the victim, the only other alternative it was given since the trial court did not give, and neither the defendant nor the state requested a charge upon the lesser included offense of voluntary manslaughter, that is, knowingly causing the death of the victim while acting under extreme emotional stress brought on by serious provocation reasonably sufficient to incite defendant into using deadly force. Apparently, however, the jury found that defendant did not have sufficient reason at the time of the shooting to be fearful that the victim might either kill her or cause her serious physical harm,

to justify her use of force to resist such actions. Such a conclusion could have been predicated upon acceptance of part, but not all, of defendant's testimony as to what occurred and had occurred in connection with the victim.

Defendant testified that she had received harassing phone calls, that her property had been vandalized and that her apartment had been burglarized. Much of the state's case was predicated upon attempting to attack defendant's credibility by showing that these events never occurred but, instead, were fabricated by defendant to conceal her criminal intent. Although never expressly referring to the nonexistence of a police report of complaints of harassing phone calls by defendant, the prosecutor repeatedly referred to the nonexistence of any records of the Ohio Bell Telephone Company of a report by defendant of telephone harassment, stating at one point that it was incredible that defendant did not complain to the telephone company that she was receiving harassing calls. It is undisputed that, about a week before the shooting, defendant did contact the police department about telephone harassment but did not give the name of the victim as being the harasser and made no follow-up report concerning those calls. In any event, the exculpatory evidence would have verified defendant's testimony that she made such reports to the police, even though they were made several weeks earlier than the time frame within which she indicated they were made.

If the prosecution knew of the existence of such written police reports and failed to provide requested discovery of such exculpatory evidence, instead concealing the existence of the written reports and arguing inferentially to the jury that no such reports ever were made, this would, if proved, constitute misconduct of counsel of a substantial constitutional magnitude. On the other hand, if neither the police nor the prosecution were able to find such written police reports of defendant's complaints, despite reasonable efforts to do so prior to trial, it is unlikely that defendant or defense counsel would have been able to locate such written reports through the exercise of reasonable diligence within any reasonable time before or after trial. In other words, defense counsel is entitled to rely upon the integrity of the prosecution in providing exculpatory evidence in its possession. This is especially true here where the state produced evidence of the absence of any official report on file of defendant's complaining about the victim.

In addition, the written police report, which apparently has now been found, was dated within approximately three weeks after the date that defendant testified she first started receiving the harassing phone calls, although possibly several weeks before the time frame in which defendant testified she reported the matter to the police. Furthermore, the prosecution's theory of the case was predicated in part upon an assumption that defendant fabricated her story of harassing phone calls shortly before the killing took place; whereas, the date on the written police report is some eleven weeks prior thereto. Thus, the evidence would have been more than cumulative; it would have tended to substantiate defendant's complaint of telephone harassment and substantially dilute the prosecution's attack upon defendant's credibility predicated upon the lack of written documentation in the records of either the police department or the telephone company supporting defendant's testimony as to complaints she made.

While intentional concealment of the existence of the written police reports would constitute misconduct of the prosecutor sufficient to mandate a new trial pursuant to Crim. R. 33(A)(2), the issue is presented by an R.C. 2953.21 petition

for relief after judgment, which must be predicated upon a denial of constitutional rights. One such constitutional right is the right to due process of law. In *Brady* v. *Maryland* (1963), 373 U.S. 83, 87, the court stated, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material * * * to guilt * * * irrespective of the good faith or bad faith of the prosecution." In *United States* v. *Agurs* (1976), 427 U.S. 97, the Supreme Court extended the rule of *Brady* to apply to all obviously exculpatory evidence in the hands of the prosecutor, which "is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce," even if there be no general or specific request for such exculpatory evidence. Here, there was a general request. The *Agurs* court noted that a failure to produce exculpatory evidence creates a constitutional denial of due process only where the evidence is sufficiently exculpatory that it could create a reasonable doubt as to guilt. Here, since the defendant's credibility was one of the major issues at trial, predicated in large measure upon the absence of any documentation of her alleged receipt of harassing telephone calls, the existence of the written police reports in the police files could well have had a substantial impact upon the jury's determination either of reasonable doubt or upon defendant's claim of self-defense. Accordingly, if the prosecution prior to or during trial knew of the existence of these written police reports and failed to provide them to defense counsel despite the request for production of all exculpatory evidence, the misconduct involved would amount to a denial of due process within the rule of *Brady* and *Agurs, supra.*

Since we have already determined that the sustaining of the motion for summary judgment can only be supported if the petition for relief from judgment fails to set forth any claimed constitutional violation, the court erred in granting that motion for summary judgment and dismissing that petition without an evidentiary hearing since issues of constitutional dimension were raised in the petition.

Turning more specifically to the assignments of error, we find the first assignment of error to be well-taken in part. Unfortunately, the assignment of error refers to a denial of a motion for new trial; whereas, in fact, no such motion was pending before the trial court but, instead, a motion for leave to file a motion for new trial was pending. Accordingly, insofar as the trial court erred in denying defendant's motion for leave to file a delayed motion for new trial, the assignment of error is well-taken for the reasons set forth above. However, we find no error with respect to denial of a motion for new trial, not only because no such motion was pending but because the effect of the granting of the motion for leave to file a delayed motion for new trial is that defendant must, within seven days thereafter, file a properly supported motion for new trial in accordance with the express provisions of Crim. R. 33(B). This motion refers to misconduct of the juror and presumably of the witness. This assignment of error also apparently relates to the granting of summary judgment with respect to the petition for relief after judgment since there are references to a denial of constitutional rights. In light of what we have stated previously, the first assignment of error is also well-taken with respect to the R.C. 2953.21 petition.

Similarly, the second assignment of error is well-taken with respect to the R.C. 2953.21 petition, even though the phraseology of the second assignment of error refers to a motion for new trial. The issue of prosecutorial misconduct was raised by the petition, not the motion for new trial. Constitutional issues

are raised by this assignment of error with respect to alleged misconduct of the prosecuting attorney. The second assignment of error is well-taken to this extent.

The third assignment of error relates to a denial of a motion for new trial upon the ground of newly discovered evidence. The record does not expressly reveal such a motion or clearly indicate that the motion for leave to file a motion for new trial was predicated upon newly discovered evidence except in the sense that evidence demonstrating the alleged misconduct of counsel, misconduct of jurors and misconduct of a witness was newly discovered. In light of our findings with respect to the first two assignments of error, we find no prejudicial error at this time with respect to the third assignment of error. There are references in defendant's brief herein to additional matters which we do not find raised in the motions filed in the trial court, and as to which we have rendered no decision herein.

Whether or not defendant is eventually granted a new trial must depend upon evidence adduced at an evidentiary hearing upon her R.C. 2953.21 petition, as well as evidence adduced with respect to a motion for new trial, which we have found that defendant should be allowed to file and attempt to support. We have made no factual determinations, but we have held that the allegation of the R.C. 2953.21 petition of prosecutorial misconduct is sufficient, if proved at an evidentiary hearing, to require the granting of a new trial predicated upon concealment by the prosecution of exculpatory evidence within its knowledge or possession. The third assignment of error is not well-taken.

For the foregoing reasons, the third assignment of error is overruled, and the first and second assignments of error are sustained to the extent that the trial court erred in denying defendant's motion for leave to file a delayed motion for new trial and in granting the state's motion for summary judgment with respect to the R.C. 2953.21 petition and in dismissing that petition; the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to enter an order allowing defendant to file a properly supported delayed motion for new trial within seven days from the date of that order pursuant to Crim. R. 33(B) and to conduct an evidentiary hearing upon defendant's R.C. 2953.21 petition for relief after judgment, and for such further proceedings as may be in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded with instructions.*

MOYER and NORRIS, JJ., concur.