OPINION
On July 16, 1998, Harriet Miculan, a seventy-five year old woman, was walking from her car to a vegetable stand in the parking lot. She was carrying her purse in her left hand. The purse was a leather shoulder bag with two handles. She held both of the handles in her hand, with one twisted around her hand. She felt someone tugging on her purse, but she did not let go of the purse. Finally, appellant Bobby Joe Lee wrenched the purse from her grasp. Mrs. Miculan had broken her shoulder prior to this incident. After the incident, the shoulder was very bad. Additionally, her little finger was sore, as the nail was torn off.
Appellant was fifteen years old on the date of incident. He was six feet one, and weighed one hundred forty two pounds.
Appellant admitted that he took the purse from Mrs. Miculan. He said she was standing there, and when he grabbed the purse, she began cussing at him. He claimed that she did not struggle for the purse, but merely let go.
A complaint was filed in the Stark County Common Pleas Court, Family Court division, alleging that appellant was delinquent by reason of one count of robbery, in violation of R.C. 2911.02. Following an adjudicatory hearing, appellant was found delinquent by reason of one count of robbery. An objection to the decision of the magistrate was overruled.
Appellant assigns one error:
ASSIGNMENT OF ERROR
 I. APPELLANT'S CONVICTION FOR ROBBERY SHOULD BE REVERSED BECAUSE THE JUDGEMENT [SIC] WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE NECESSARY TO PROVE THE ESSENTIAL ELEMENT OF FORCE REQUIRING POTENTIAL HARM OR ACTUAL HARM, AND THE JUDGEMENT [SIC] IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
When considering a claim that a judgment is against the manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
Appellant was found delinquent by reason of robbery, as defined by R.C. 2911.02 (A)(3). That statute provides that no person, in attempting or committing a theft offense, or fleeing immediately after the attempt or offense, shall use or threaten the immediate use of force against another. Force is defined by R.C. 2901.01(A) as, "violence, compulsion, or constraint physically exerted by any means upon or against a person or a thing."
Appellant argues that the evidence does not support a finding that he used force in taking the purse. However, in determining whether the defendant threatened the immediate use of force within the contemplation of R.C. 2901.01(A), the court may consider the size and demeanor of the defendant, the likelihood of physical injury from the defendant's conduct, and any peculiar vulnerability of the victim. State v. Carter (1985), 19 Ohio App.3d 148. Therefore, the element of force may be present incident to snatching a purse from the physical possession of the victim, where the victim was an eighty-five year old woman. Id. In addition, this court has found that where a seventeen year old boy snatches a kitten from the arms of a six year old girl, the evidence supported a finding of force within the definition of robbery. In Re: Kinser (February 9, 1998), Stark App. No. 1997CA00130, unreported. We concluded that because of the child's extremely young age, especially in comparison to the defendant's age, she had a peculiar vulnerability. Id. In snatching the kitten out of her arms, the defendant could easily have thrown her off balance, knocking her to the ground, causing her injury. Id.
On the instant case there was sufficient evidence of force to support the court's judgment. Mrs. Miculan testified that the purse handles were wrapped around her fingers. She further testified that he pulled on the purse, placing pressure on her hand and wrist. She testified that she left go of the purse because if she didn't, she would fall to the ground. The victim was seventy-five years old on the date of the incident. In addition, she had suffered a broken shoulder which was still in the process of healing. Further, when appellant pulled the purse loose, he tore the fingernail from the victim's little finger.
The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0223
JUDGMENT ENTRY
CASE NO. 98-CA-0250
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
______________________________
______________________________
 ______________________________ JUDGES