JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Christine T. McMonagle that denied Kenneth W. Short, III's motion for postconviction relief under R.C. 2953.21 and 2953.23. We agree that his petition was untimely and that no exception to the time limitations for filing such a motion applies. We affirm.
 {¶ 2} On November 14, 1997, following a jury trial before Judge William Aurelius, Short was convicted of the aggravated murder of Marvin Hall, Jr., with a firearm specification, and the offense of having a weapon while under a disability. He appealed his conviction to this court, and we affirmed.[1]
 {¶ 3} On August 16, 2002, Short filed a "Petition to Vacate or Set Aside Sentence Based on Newly Discovered Evidence," under R.C. 2953.23(A), to which the State responded. In the motion, he argued that a witness for the State, Charles Jones, falsely testified at Short's trial that he had never before been convicted of a "Federal or State [sic] offense," when in reality he was awaiting a probation violation hearing stemming from a 1996 Ohio conviction for misdemeanor burglary.[2] Had defense counsel impeached Jones on this point, Short argued, the jury would have disregarded his incriminating testimony, and all other damaging evidence presented by the State, and accepted his argument that he killed Hall in self defense.
 {¶ 4} The judge denied Short's motion on the ground that it was untimely, without further elaboration. Short now asserts three assignments of error set forth in Exhibit A.
 I. DISMISSING THE PETITION WITHOUT ISSUING FINDINGS i. OF FACT AND CONCLUSIONS OF LAW. {¶ 5} R.C. 2953.21(A)(2) requires an offender to file a petition for postconviction relief no later than 180 days after the date on which trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. It is undisputed that, in Short's direct appeal, the trial transcript was filed on February 27, 1998. In order to have timely filed his petition, therefore, he should have done so by approximately September 16, 1998. Because the motion was filed almost four years later, it is obviously untimely.
 {¶ 6} However, a judge may entertain a petition filed after the time limits set forth in R.C. 2953.21(A)(2) in certain specified circumstances. R.C. 2953.23(A)(1) permits a court to entertain an untimely petition if either:
"(a) The petitioner shows that the petitioner was unavoidably preventedfrom discovery of the facts upon which the petitioner must rely topresent the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, theUnited States Supreme Court recognized a new federal or state right thatapplies retroactively to persons in the petitioner's situation, and thepetition asserts a claim based on that right."[3]
 {¶ 7} In addition to establishing one of the above, the petitioner must also establish the following:
"The petitioner shows by clear and convincing evidence that, but forconstitutional error at trial, no reasonable factfinder would have foundthe petitioner guilty of the offense of which the petitioner wasconvicted * * *."[4]
 {¶ 8} Short has not alleged that he is entitled to relief based on a newly recognized federal or state right which applies retroactively to him, but only that he was either unavoidably prevented from learning that Jones had a criminal history, or that the State breached a duty to provide him with the criminal histories of each of its witnesses.
 {¶ 9} The phrase "unavoidably prevented," from discovery of facts warranting postconviction relief means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.[5] We cannot see how Short's lawyer would have been unable to simply research the public court docket of Cuyahoga County, should he have wanted to learn of the possible criminal history of any witness before trial. We also fail to see any evidence that the State acted in some way to deprive Short of access to this information, or knew of Jones' criminal history and intentionally elicited untrue testimony. We find the allegation that Jones' criminal history constituted "newly discovered evidence" to be a misstatement because public records showing Jones' convictions for misdemeanor drug abuse and misdemeanor burglary were available to Short prior to trial.
 {¶ 10} There was no error in denying Short's postconviction relief petition as untimely because the character of the evidence Short now wishes to introduce does not qualify as "newly discovered evidence," the exception in R.C. 2953.23(A)(1)(a) is inapplicable and the judge was without jurisdiction to evaluate the motion on its merits.
 {¶ 11} Ordinarily, under R.C. 2953.21(G), a judge who denies a petition for postconviction relief without a hearing must file findings of fact and conclusions of law in support of the denial. However, the judge was without jurisdiction to entertain Short's petition because it was untimely.[6] "Having no jurisdiction to entertain [appellant's] petition, the [judge] was not required to make and file findings of fact and conclusions of law as required in R.C. 2953.21(G)."[7] Findings of fact and conclusions of law are not required when a judge rules on a postconviction relief motion under 2953.23.[8] The Ohio Supreme Court has recently observed that, unless a petitioner alleges with specificity the facts supporting a claim based on newly discovered evidence, a judge need not issue findings of fact and conclusions of law in denying a postconviction motion under that section.[9]
 {¶ 12} Here, Short makes no showing whatsoever that Jones' criminal record could not have been discovered in due diligence before trial. To accept Short's argument, we would have to rule that a judge must make findings of fact and conclusions of law on the merits of his motion under 2953.23(A)(1)(a), even if the judge was to find that, according to these findings, he was without jurisdiction to evaluate the merits of the motion. Finding no logic in this argument, we reject it. There was no error in denying Short's motion without separately detailing findings of fact and conclusions of law.
 II. A HEARING ON THE PETITION {¶ 13} A judge may dismiss a petition for postconviction relief without first holding an evidentiary hearing.[10] Since Short's petition had no merit on its face, there was no need to hold a hearing before dismissing it, and we see no error.
 III. CONSTITUTIONAL RIGHT TO A FAIR TRIAL {¶ 14} Short contends that Jones' perjured testimony denied him a fair trial. Because he provided no facts to support his contention that his petition presented newly discovered evidence under 2953.23(A)(1)(a), we need not proceed to evaluate any constitutional claim he has raised under R.C. 2953.23(A)(2). He had not vested the court below with jurisdiction to consider his petition. "Because [the petitioner] has failed to fulfil the showing required under R.C. 2953.23(A)(1)(a), our review is at an end."[11]
Judgment affirmed.
EXHIBIT A: Short's assigned errors as set forth in his appellate brief.
 {¶ 15} "I. The trial court committed prejudicial errors when it failed to give a suffient [sic] and finding of fact, pursuant to 2953.21
and 2953.23. The trial court failed to tell appellant the two part test that appellant didn't meet."
 {¶ 16} "II. The trial court erred by depriving appellant of due-process of law: violating appellant's constitutional rights under the fourteenth sixth [sic] amendment and Section 10, Article I of [the] Ohio Constitution, to a fair trial."
 {¶ 17} "III. The trial court committed [an] abuse of discretion by denying appellant's post-conviction relief and evidentiary hearing pursuant to R.C. 2953.21 and 2953.23."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE JR., J., concurs.
MICHAEL J. CORRIGAN, P.J., concurs in judgment only.
[1] State v. Short, (Dec. 17, 1998), Cuyahoga App. No. 73618.
[2] On appeal, Short alleges that two other witnesses, Percy Allen and Eugene Nathaniel Harris, had also lied regarding their past criminal histories, but, since no argument or evidence relative to these persons was submitted below, we disregard any argument relative to them here.
[3] Id.
[4] R.C. 2953.23(A)(2).
[5] State v. Brown (Aug. 21, 1998), Lucas App. No. L-98-1130, Statev. Walden (1984), 19 Ohio App.3d 141, 145, 483 N.E.2d 859.
[6] E.g., State v. Smith, (Feb. 17, 2000), Cuyahoga App. No. 75793.
[7] State v. Lacking (Apr. 23, 1999), Montgomery App. No. 17360, citingState v. Childs (Feb. 16, 2000), Summit App. No. 19757.
[8] State v. Davis, Mahoning App. No. 01 CA 171, 2002-Ohio-2789, Statev. Perdue (Dec. 12, 1999), Mahoning App. No. 98CA156. See, also, State exrel. Carroll v. Corrigan (1999), 84 Ohio St.3d 529, 530, 705 N.E.2d 1226
(holding that findings and conclusions are not required in denying successive petitions, also contained in R.C. 2953.23(A)).
[9] State ex. Rel. Kimbrough v. Greene, 98 Ohio St.3d 116, at paragraph 15, 2002-Ohio-7042.
[10] State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450,State v. Davis, supra.
[11] State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612.