OPINION
{¶ 1} Defendant-appellant, Chad Enrico West ("appellant"), appeals from the September 1, 2004 entry of the Franklin County Court of Common Pleas overruling appellant's "motion in request for leave to file a motion for new trial pursuant to Ohio Crim. R. 33(B)."
 {¶ 2} On August 13, 1999, appellant was indicted by a Franklin County Grand Jury for one count of rape, one count of kidnapping, one count of burglary, and one count of gross sexual imposition regarding a thirteen-year-old boy. The prosecutor dismissed the charge of gross sexual imposition prior to trial. A jury found appellant guilty of the remaining counts on November 29, 2001. Appellant appealed the sentence that was imposed on February 4, 2002. This court agreed with appellant that the trial court erred in imposing the sentence and reversed and remanded for re-sentencing. On January 20, 2003, the trial court re-sentenced appellant. On July 9, 2003, appellant filed a motion for leave to file a motion for a new trial. The trial court denied appellant's motion on September 1, 2004, finding that appellant failed to show by clear and convincing evidence that he should be granted a new trial based on newly discovered evidence. The court further found that appellant failed to show by clear and convincing evidence that he was not provided exculpatory evidence. It is from this entry that appellant appeals.
 {¶ 3} Appellant raises the following assignments of error:
[1.] The trial court erred and abused judicial discretion to deny appellant's delayed request to file a motion for new trial when appellant adequately met the criteria required by Ohio Crim. R. 33(B).
[2.] The trial court erred and abused judicial discretion to deny appellant's delayed request to file a motion for new trial when appellant established a prima facia case of police and prosecutorial misconduct when withholding exculpatory evidence and suborning perjury in accord with ohio crim. R. 16(B)(1)(F) and Ohio Crim. R. 33(A)(2)(6) and (B).
[3.] The trial court erred and abused judicial discretion to deny appellant's delayed request to file a motion for new trial when appellant established a prima facia case of prosecutorial misconduct in closing arguments which is cognizable under ohio Crim. R. 33.
 {¶ 4} Appellant's three assignments of error are interrelated, as they all relate to the denial of appellant's motion for leave to file a motion for a new trial. For this reason, the assignments of error will be addressed together.
 {¶ 5} Appellant bases his Crim. R. 33 motion on newly discovered evidence. The standard of review on a motion for a new trial on the grounds of newly discovered evidence in a criminal case is well-settled in Ohio. The Ohio Supreme Court has held that in order to grant a motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based:
(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
 {¶ 6} State v. Petro (1947), 148 Ohio St. 505, paragraph one of the syllabus, citing State v. Lopa (1917), 96 Ohio St. 410. The Ohio Supreme Court further noted that:
The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. * * *
Petro, at 507-508.
 {¶ 7} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus.
 {¶ 8} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} When seeking a new trial based upon newly discovered evidence, Crim. R. 33 provides in part:
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 10} "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden
(1984), 19 Ohio App. 3d 141, 145-146.
 {¶ 11} In this case, appellant has failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering any new evidence. In fact, appellant has not presented any "new" evidence, but merely takes issue with matters already in the record. The majority of appellant's arguments relate to discrepancies in testimony and other matters in the record, which clearly do not constitute newly discovered evidence. Appellant also asserts allegations regarding the ineffectiveness of his counsel; however, there is nothing to constitute newly discovered evidence. The issues raised by appellant are potentially suitable for a direct appeal, but do not serve as the basis for a new trial. As such, appellant has failed to establish the existence of newly discovered evidence that would entitle him to a new trial. Additionally, appellant has not established by clear and convincing evidence that he was unavoidably prevented from the discovery of any such evidence.
 {¶ 12} Appellant also argues that exculpatory evidence was withheld from him. However, there is no evidence to support appellant's conclusory allegation. Appellant's arguments regarding the alleged exculpatory evidence relate to test results of swab samples that were taken from the victim and photographs that were taken at the scene. Specifically, appellant argues that Dr. Pasha offered no testimony with respect to the absence or presence of a lubricant from swabs that were tested, and that these results were not provided in discovery. However, the record clearly establishes that tests were not requested to determine the presence or absence of lubricant. In fact, Detective Ruslander, the lead detective in this case, testified that while she should have made such a request, she failed to do so. As such, there is nothing to suggest that tests were performed regarding the presence or absence of lubricant, and there is no evidence to support appellant's allegation that such "exculpatory evidence" was withheld from him.
 {¶ 13} Appellant argues that there were photographs taken at the scene, but not provided during discovery. However, the record in this case reveals that the detective testified that photographs were taken, and therefore, appellant was aware of the existence of the photographs at the time of trial. There is nothing in the record to suggest that appellant ever complained that the photographs were not provided in discovery or that he sought to examine them, and was denied the opportunity to examine them at any time. Because appellant was aware of the existence of the photographs at the time of trial, such cannot be considered newly discovered evidence or evidence withheld by the prosecution.
 {¶ 14} Because appellant failed to establish by clear and convincing evidence that he was unavoidably prevented from the discovery of any new evidence that would entitle him to a new trial or that exculpatory evidence was withheld from him, the trial court did not abuse its discretion in denying appellant's motion for leave to file a motion for a new trial.
 {¶ 15} For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Appellant's assignments of error are overruled; judgment affirmed.
Bryant and Petree, JJ., concur.