OPINION
{¶ 1} This is an appeal by defendant-appellant, James Garrett, from a judgment of the Franklin County Court of Common Pleas, denying his motion for leave to file a delayed motion for new trial. Because the trial court properly denied the motion, we affirm. *Page 2 
 {¶ 2} Appellant was indicted on December 22, 2005, and charged with aggravated murder with a gun specification and illegal possession of a firearm in a liquor permit premises. He was acquitted of the illegal possession charge during his jury trial as the result of a motion made by trial counsel under Crim.R. 29(A). The jury found appellant not guilty of aggravated murder with a firearm specification, but guilty of the lesser-included offense of murder with a firearm specification. He was sentenced to 15 years to life on the murder conviction, and an additional three years on the firearm specification, to be served consecutively. His conviction was affirmed on appeal. State v.Garrett, Franklin App. No. 06AP-1014, 2007-Ohio-3875.
 {¶ 3} On November 23, 2007, appellant filed a motion for leave to file a delayed motion for new trial based on the newly discovered witness testimony of Leslie Burney, who would establish that appellant was wrongly convicted. Appellant attached the affidavit of Mr. Burney to his motion. Mr. Burney claims to have been present at the time of the shooting, and asserts that an individual by the name of "Dirty D" was the actual shooter. Mr. Burney explains that he did not tell appellant that he had witnessed the shooting out of fear of "Dirty D," but when he saw appellant during mass services held at the Ross Correctional Institute on October 14, 2007, Mr. Burney felt the need to clear his conscience. (Burney affidavit at 2.)
 {¶ 4} The trial court denied appellant's motion. Appellant filed a timely appeal, asserting the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN NOT FINDING THAT APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE JUSTIFYING MOTION FOR NEW TRIAL. *Page 3 
 {¶ 5} A Crim.R. 33 motion for a new trial is addressed to the sound discretion of the trial court. State v. Schiebel (1990),55 Ohio St.3d 71, 76. Pursuant to Crim.R. 33(A)(6), a new trial may be granted on the motion of a defendant when "new evidence material to the defense is discovered[,] which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) sets the time parameters for such a motion, providing it generally is to be filed within 120 days after the verdict was rendered. Nonetheless, "if it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Id.
 {¶ 6} Because 120 days had passed since appellant's verdict, he was required to, and did, seek leave to file a motion for a new trial. Leave from the court is granted only when a defendant proves by clear and convincing evidence that he was unavoidably prevented from filing a timely motion or discovering the new evidence within the time period provided by the rule. Id.; State v. Roberts (2001), 141 Ohio App.3d 578,581. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v.Walden (1984), 19 Ohio App.3d 141, 145-146.
 {¶ 7} In this case, appellant did not demonstrate his evidence could not, in the exercise of due diligence, have been discovered before trial. Further, appellant failed to *Page 4 
prove, by clear and convincing evidence, that the new evidence was not merely cumulative to former evidence and did not merely impeach or contradict the former evidence. With respect to the latter, to warrant a new trial, the "new evidence" must disclose "a strong probability that it will change the result if a new trial is granted," and it must not be "merely cumulative to former evidence." State v. Norman, Franklin App. No. 04AP-1312, 2005-Ohio-5087, at ¶ 10, quoting State v. Hawkins (1993),66 Ohio St.3d 339, 350, quoting State v. Petro (1947), 148 Ohio St. 505, syllabus. And, here, Mr. Burney's testimony mirrors, and is cumulative of, some of the testimony appellant offered on his own behalf at trial; specifically, appellant's own testimony, as well as that of another witness, Keosha Patterson. In light of the foregoing, we cannot say that appellant has shown a strong probability of success in a new trial.
 {¶ 8} Based on the foregoing, we find that the trial court did not abuse its discretion in failing to grant appellant's motion.
 {¶ 9} Accordingly, appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1