OPINION
Defendant-appellant Charles J. Lantz appeals his conviction and sentence in the Perry County Court on one count of driving under the influence, in violation of R.C. 4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At midnight on November 16, 1996, Trooper Darrin Blosser of the State Highway Patrol was traveling eastbound on State Route 22 in Perry County, Ohio, when he observed a vehicle traveling westbound on the same road at a speed of 67 mph in a 55 mph zone. After the trooper observed the vehicle travel off the right side of the road, he initiated a traffic stop.
When the trooper approached the vehicle and asked the driver for his license, he immediately recognized appellant as the driver. Upon handing the trooper his license, appellant asked the reason for the stop. The trooper informed appellant his vehicle had been clocked at a speed in excess of the posted speed limit. Appellant adamantly disagreed with the trooper despite his firsthand observation of the speed clocked in on the radar.
During their discussion, the trooper noticed appellant's eyes were red and glassy, and his speech was slurred. Additionally, the trooper noticed appellant had a strong odor of alcohol on his breath. Appellant consented to the trooper's request to conduct a series of field sobriety tests. Upon completion of the test, the trooper determined appellant was under the influence of alcohol and placed him under arrest. Appellant was transported to the Perry County Sheriff's Office, where he refused to submit to a breath-alcohol content test. Appellant was cited and released on a recognizance bond.
Appellant plead not guilty to the charge. Via notice of trial dated November 19, 1996, a trial to the court was scheduled for January 2, 1997. On December 19, 1996, appellant filed a jury demand. After numerous continuances, a jury trial commenced on October 10, 1997. After hearing the evidence and deliberations, the jury found appellant guilty of driving under the influence.
The trial court sentenced appellant to 120 days in the Perry County Jail. The trial court ordered ten (10) of those days served in the confines of the jail, three (3) were to be served without work release, and the remaining seven (7) were to be served with work release. Additionally, the court ordered another 60 of the 120 days served in the confines of the jail with work release or, alternatively, served by entering an in-patient treatment center for drug and alcohol abuse in a program not less than 21 days, but not more than 30 days. The trial court suspended the remaining 50 days of the sentence and placed appellant on probation for a period of one year. Appellant's operator's license was suspended for a period of two years with no occupational driving privileges. Appellant was fined $700 plus court costs.
It is from this conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A SENTENCE INVOLVING 120 DAYS OF INCARCERATION AND TWO YEARS DRIVING RIGHTS SUSPENSION WITHOUT OCCUPATIONAL PRIVILEGE ON A FIRST OFFENSE BASED ON THE CIRCUMSTANCES OF THIS CASE. (JUDGMENT ENTRY.)
 II. THE DEFENDANT WAS DEPRIVED OF A FAIR TRIAL WHEN THE PROSECUTION MADE INQUIRY OF THE ARRESTING OFFICER AS TO WHETHER THE DEFENDANT HAD "ANY ADDITIONAL TRAFFIC RECORD" AFTER THE DATE OF THIS OFFENSE. (R. P. 210.)
 III. THE DEFENDANT WAS DEPRIVED OF A FAIR TRIAL WHEN BY ARGUMENT AND OTHERWISE THE PROSECUTION INDIRECTLY COMMENTED ON HIS FAILURE TO TESTIFY BY EMPHASIZING THAT THE ONLY WITNESSES TO THE EVENTS WERE THE POLICE OFFICER WHO ARRESTED THE DEFENDANT AND THE DEFENDANT HIMSELF. (R. P. 115.)
 I
In his first assignment, appellant maintains the trial court abused its discretion in imposing a sentence of 120 days incarceration and a two year license suspension without occupational privileges on a first time offense. Appellant contends the circumstances of the case do not warrant such a severe sentence.
In support of his argument, appellant refers to the Perry County Court docket for nearly 100 other DUI cases handled by the court during late 1996, and early 1997. Appellant submits an examination of the docket reveals, "no first time offender received a sentence even remotely close to that imposed on the defendant in this case." Brief of Appellant at 8-9. The docket is attached to appellant's Brief to this Court, but it is not part of the record before this Court on appeal. It is axiomatic in reviewing a trial court's judgment, an appellate court can only consider evidence which was before the trial court, i.e., this Court cannot consider evidence which was not part of the record.State v. Ishmail (1979), 54 Ohio St.2d 402. Without commenting upon the merits of appellant's argument, this Court merely notes such assertion may be properly raised via a petition for post-conviction relief. See, State v. Walden (1984),19 Ohio App.3d 141.
Based upon the status of the record presently before this Court, we find the trial court did not abuse its discretion in rendering a sentence less than the maximum provided by law.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts he was denied his right to a fair trial when the prosecution inquired of the arresting officer as to the status of appellant's traffic record subsequent to the instant offense.
During the re-direct examination of Trooper Blosser, the following discussion occurred:
 Q. [Prosecutor Howdyshell]: Mr. McNamara asked you that — when a traffic stop — when you ran a traffic record on Mr. Lantz, it came back that he had a relatively clean record?
A. [Trooper Blosser]:
Correct.
 Q. Do you have any knowledge of his record since this traffic stop?
MR. McNAMARA: I object, Your Honor.
[Appellant's trial counsel]
 MR. HOWDYSHELL: It's relevant as to his record before the traffic stop.
 MR. McNAMARA: He's had no conviction since this either, but it's not relevant, I don't believe.
THE COURT: I will sustain that objection.
Transcript of the Proceedings at 210-211.
We find Prosecutor Howdyshell's question was improper. However, Trooper Blosser did not answer the question, and the trial court properly sustained appellant's objection. Furthermore, the trial court's jury instructions included a curative instruction. Juries are presumed to follow and obey the instructions given them by the trial court. See, Parker v.Randolph (1979), 442 U.S. 62, 74-5; State v. Franklin (1991),62 Ohio St.3d 118, 127 cert. denied (1992), 119 L.Ed.2d 235. Based upon this presumption, we find appellant was not deprived of his right to a fair trial as a result of the prosecutor's inquiry of Trooper Blosser noted supra.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends he was denied his right to a fair trial as a result of prosecutorial misconduct. Specifically, appellant submits his right to a fair trial was compromised as a result of the prosecutor's indirect comments regarding his failure to testify.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1990), 51 Ohio St.3d 160, cert. denied 112 L.Ed. 596; State v.Smith (1984), 14 Ohio St.3d 13.
In his opening statement, Prosecutor Howdyshell remarked:
 My strategy is this: There were only two people present at the time the offense occurred, 12:03 a.m. on October — or November the 16th, 1996; Mr. Lantz and Trooper Darrin Blosser; the only two people on the roadway immediately before the arrest, at the time of the arrest, and immediately after the arrest. Those were the only two people out there. So, I have chosen to limit the witnesses I bring to speak to you to Trooper Blosser and Sergeant Dean.
* * *
 I think one of the major pieces of evidence that you'll hear in this case, from both sides, is the attitude of the parties involved. You know, that's — part of judging a person's credibility is, you know, what — how they tell you that story and whether or not you believe.
* * *
 The only person there was Trooper Blosser on my side and on [sic] the only other person was Mr. Lantz. So, as we progress through this, as I say, those will be my two witnesses in my case in chief.
Tr. at 112, 114-116.
During his closing argument, the Prosecutor stated:
 I said there was [sic] only two people out there on the night of November 16th, 1996, around midnight. Only two people out there, Mr. Lantz and Mr. Blosser.
Tr. at 312.
In his Brief of this Court, appellant suggests, "This series of comments not too subtly demonstrate [sic] that the jury should draw an adverse inference from the defendant's failure to testify." Brief of Appellant at 13. We disagree.
When the aforementioned remarks are put into context with the entire testimony at trial, and read in toto with the State's opening statement and closing arguments, we find the remarks were not directed toward appellant's failure to testify, but were asserted to rebut the testimony of appellant's witnesses regarding his physical and mental state prior to and after the arrest. The State made these remarks to emphasize to the jury the need to focus on appellant's physical and mental state at the time of the arrest, not before and not after the arrest.
Because the prosecutor did not comment upon appellant's failure to testify, we find appellant was not deprived of his right to a fair trial.
We wish to note, our opinion would be different if the prosecutor had concluded his comments regarding the fact there were only two witnesses to the incident with a remark to the effect only Trooper Blosser took the stand. However, such scenario is not presented by this case.
Appellant's third assignment of error is overruled.
The judgment of the Perry County Court is affirmed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court is affirmed. Costs assessed to appellant.