Everett D. Reedy appeals the Jackson County Court of Common Pleas' dismissal of his petition for postconviction relief, which alleged that he was denied due process of law and effective assistance of counsel, We reverse the dismissal of Reedy's petition, because the trial court failed to apply the proper standard for evaluating whether the state's suppression of evidence violated his due process rights. Additionally, we find that the trial court erred by dismissing Reedy's petition with respect to ineffective assistance of counsel, because Reedy presented evidence from outside the record to support his argument, and therefore res judicata did not bar that argument. Accordingly, we reverse the judgment of the trial court.
 I.
The Jackson County Grand Jury indicted Reedy, a former employee of the Wellston Pillsbury plant, on three counts of trafficking in marijuana in an amount less than the minimum bulk amount, and on one count of trafficking in LSD in an amount equal to or exceeding three times the bulk amount. William Welch, an undercover narcotics investigator who posed as a Pillsbury employee, testified against Reedy at trial. In part, Welch testified that Reedy offered to sell him fifty hits of LSD for one hundred fifty to two hundred dollars, but Welch rejected the offer because of the high price. According to Welch. Reedy later offered to sell Welch one thousand hits of LSD at a lower price per hit. Welch further testified that, before he could consummate the purchase from Reedy, he discovered that someone broke into his work locker and stole his tape recorder and money. Fearing that his identity as an undercover agent had been discovered, Welch closed the investigation.
The Jackson County Sheriff, Gregg Kiefer, testified that Reedy confessed, in his and Welch's presence, to selling or giving marijuana to Welch on three occasions and to offering to sell fifty hits of LSD to Welch on one occasion.
Reedy took the stand in his own defense. Reedy admitted that he gave Sheriff Kiefer a confession, but stated that he never actually offered to sell LSD to Welch. Reedy testified that he only confessed to offering to sell LSD because he believed that Sheriff Kiefer would inform the trial court that Reedy generally was not involved with drugs.
The jury found Reedy guilty on all the charges. Reedy advanced several assignments of error on appeal, including a claim that his trial counsel was not effective. This court overruled each of Reedy's assignments of error and affirmed the judgment of the trial court. See State v. Reedy (Dec. 11. 1996), Jackson App. No. 96CA782, unreported.
Reedy filed a petition for postconviction relief on the LSD conviction, and supported his petition with evidence outside the record. Specifically, Reedy asserted that he was denied effective assistance of counsel because his trial attorney consumed alcohol during his trial. Reedy attached his own affidavit in support of his assertion.
Additionally. Reedy asserted that he was denied due process in the trial court because the state failed to produce all exculpatory evidence in discovery. In support. Reedy attached a letter Sheriff Kiefer wrote and sent to the trial judge. In the letter, Sheriff Kiefer revealed that Welch's testimony regarding the LSD offers conflicted with Welch's reports, and opined that a competent attorney would have uncovered the inconsistencies.
Sheriff Kiefer further revealed that he knew, both prior to and during Reedy's trial, that Welch was anxious to close the undercover investigation. Sheriff Kiefer described conversations in which Welch complained that he was unhappy with his assignment and his employer, and stated that he "wanted out." Sheriff Kiefer opined, based upon his conversations with Welch, that Welch possessed strong personal and career motives to embellish the facts about Reedy's offer to sell LSD. Sheriff Kiefer expressed that he could not, in good conscious, remain silent with his suspicions.
The trial court held a hearing on Reedy's petition. At the hearing. Sheriff Kiefer testified substantially as described in his letter. Sheriff Kiefer expressed his great surprise at the amount of LSD that Welch alleged Reedy offered to sell, as Welch was present when Sheriff Kiefer asked Reedy to confess to offering fifty hits of LSD, and did not mention or seek a confession regarding one thousand hits. Sheriff Kiefer felt Welch may have inflated the number of hits in order to elevate the level of the felony LSD charge.
The trial court denied Reedy's petition, finding that the evidence at trial, including Reedy's confession, was sufficient to support his conviction regardless of Sheriff Kiefer's evidence. The trial court further found that it was barred by resjudicata from considering Reedy's postconviction claim for ineffective assistance of counsel.
Reedy appeals the trial court's decision, asserting the following assignments of error:
 I. Appellant was denied his due process rights, and right to a fair trial when the state suppressed evidence favorable to Appellant, allowed false testimony and unauthenticated evidence at trial and there existed insufficient evidence for a conviction of trafficking in LSD.
 II. Appellant was denied his right to a fair trial due to ineffective assistance of counsel.
 II.
Reedy asserts in his first assignment of error that he was denied his due process rights when the prosecution failed to disclose all exculpatory evidence. Therefore, Reedy seeks a new trial on the charge that he offered to sell one thousand hits of LSD to Welch.
Generally, when a defendant seeks a new trial based upon newly discovered evidenced the defendant must demonstrate that the newly discovered evidence probably would have resulted in acquittal. State v. Johnston (1988). 39 Ohio St.3d 48, 60. In reviewing the trial court's determination regarding newly discovered evidence, we employ the abuse of discretion standard of review. Johnston at 59. However, when a defendant alleges that the state denied his due process rights by failing to disclose exculpatory evidence, the usual standard for a new trial does not apply. Johnston at 60.
When a defendant asserts that the state withheld exculpatory evidence, "the fact that such evidence was available to the prosecution and not submitted to the defense places it in a different category than if it had simply been discovered from a neutral source after trial." Id. at 60 quoting United States v.Kelly (C.A.D.C.1986), 790 F.2d 130, 135, citing United States v.Agurs (1976). 427 U.S. 97, 111. By failing to disclose material exculpatory evidence, the state violates the defendant's Fourteenth Amendment right to due process. Johnston at paragraph four of the syllabus, citing Brady v. Maryland (1963),373 U.S. 83, 87; see, also, State v. Walden (1984), 19 Ohio App.3d 141,155 (evidence withheld by state requires due process analysis upon a petition for postconviction relief).
The state's suppression of exculpatory evidence violates the defendant's due process irrespective of the good faith or bad faith of the prosecutor. Johnston at paragraph four of the syllabus. However, unless the defendant can demonstrate that the evidence the state suppressed was material, the defendant is not entitled to a new trial. Id. Evidence is deemed material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Johnston at paragraph five of the syllabus, following United States v. Bagley (1985). 473 U.S. 667, 682. "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id., citing Bagley, supra, andPennsylvania v. Ritchie (1987). 480 U.S. 39, 57.
In this case. Reedy alleges that the state withheld exculpatory evidence, specifically. Sheriff Kiefer possessed knowledge which significantly undermined the credibility of Welch, the state's star witness. For purposes of determining whether the state improperly withheld evidence. "the police are part of the state and its prosecutorial machinery," and therefore the information from Sheriff Kiefer did not come from a neutral source. See Statev. Wiles (1991). 59 Ohio St.3d 71, 78. Accordingly, the appropriate test for determining whether Reedy is entitled to postconviction relief is a due process analysis.
In its decision and order, the trial court found that. regardless of Sheriff Kiefer's testimony, the evidence presented at trial was sufficient to support Reedy's conviction. However. in order to prevail on his petition for postconviction relief. Reedy only needed to demonstrate a reasonable probability that he would have been acquitted on the LSD charge had the state provided the exculpatory evidence in discovery. Hence, the trial court failed to apply the correct legal standard in evaluating Reedy's petition for postconviction relief.
The trial court should have considered whether the withheld evidence undermines its confidence in Reedy's conviction for selling one thousand hits of marijuana. While several pieces of evidence support that Reedy offered to sell Welch a small amount of LSD, the only evidence in the record supporting Reedy's conviction for offering to sell three times the bulk amount of LSD is Welch's testimony. The withheld evidence called Welch's credibility into question.
We find that the trial court erred as a matter of law when it declined to evaluate whether the state violated Reedy's due process rights, and instead evaluated only the sufficiency of the evidence against Reedy. Accordingly, we sustain Reedy's first assignment of error.
 III.
Reedy asserts in his second assignment of error that he was denied effective assistance of counsel. In support of his assertion, Reedy averred and testified that his counsel visited a local bar during breaks in his trial. Additionally, Reedy asserted that Sheriff Kiefer's letter supports his claim, because the sheriff opined that competent counsel would have recognized and exploited the inconsistencies in Welch's reports regarding the LSD negotiations. The trial court determined that it was barred from considering Reedy's claim for ineffective assistance of counsel under the doctrine of res judicata.
The doctrine of res judicata bars claims for postconviction relief based upon allegations which the petitioner raised or could have raised at trial or on direct appeal. State v. Perry
(1967). 10 Ohio St.2d 175, paragraph nine of the syllabus; Statev. Barnhart (Sept. 24, 1997). Washington App. No. 96 CA 32, unreported. Reedy asserts that his argument for ineffective assistance of counsel on postconviction relief differs from his argument on direct appeal, and thus is not barred, because here he supports his claim with evidence outside the record.
To show that his conviction should be reversed due to ineffective assistance of counsel, Reedy must demonstrate both:
 (a) deficient performance. "errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
State v. Ballew (1996), 76 Ohio St.3d 244, 255. citingStrickland v. Washington (1984), 466 U.S. 668, 687. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983).461 U.S. 499, 508-509.
Reedy submitted evidence from outside the record in support of his allegation that his counsel's performance was deficient. Specifically. Reedy submitted Sheriff Kiefer's letter describing his counsel's failure to identify and exploit inconsistencies in the evidence. Reedy also submitted his own affidavit attesting to his counsel's alcohol abuse, to which Reedy apparently attributes his counsel's failure to identify the inconsistencies.
On direct appeal. Reedy asserted that his counsel performed deficiently based upon a number of actions his counsel failed to take. However, the failure of counsel to cross-examine regarding inconsistencies in Welch's LSD investigative reports was not among the performance failures Reedy listed. This court evaluated Reedy's trial and found that Reedy was not prejudiced by any of the failures he listed, but did not consider whether Reedy's counsel failed to adequately prepare for and conduct Welch's cross-examination. Thus, while Reedy is barred by res judicata
from reasserting those arguments for ineffective assistance which this court has already rejected, he is not barred from arguing those claims which he supports with evidence from outside the record. Even if Reedy had been aware of the inconsistencies contained in Welch's reports upon direct appeal. he could not have raised his counsel's failure to identify them, because the reports are not part of the record.
In short. Reedy neither raised nor could have raised his current claim for ineffective assistance of counsel on direct appeal. Therefore, we find that the trial court erred in its determination that Reedy's claim for ineffective assistance of counsel with respect to the LSD conviction was barred by resjudicata. On remand, the trial court shall consider the evidence Reedy presented in conjunction with his petition for postconviction relief to determine whether Reedy satisfied his burden as described in Strickland, supra.
Accordingly, we sustain Reedy's second assignment of error.
 V.
In conclusion, we find that the trial court erred when it only evaluated the sufficiency of the evidence supporting Reedy's conviction. On remand, the trial court shall consider whether the new exculpatory evidence undermines the court's confidence in the outcome of Reedy's trial. In addition, we find that, to the extent that Reedy presented evidence from outside the record that his counsel incompetently defended the LSD charge. Reedy is not barred by res judicata from asserting ineffective assistance of counsel. Accordingly, we reverse the judgment of the trial court.
JUDGMENT REVERSED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans. J.: Concurs in Judgment and Opinion, Harsha. J.: Concurs in Judgment and Opinion as to A/E II and Concurs in Judgment Only as to A/E I.
For the Court
 BY: _______________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.