JOURNAL ENTRY AND OPINION
Petitioner-appellant Willie L. Nix ("appellant") appeals from the denial of his petition for post-conviction relief.
Appellant assigns the following errors for review:
 I. INEFFECTIVE ASSISTANCE OF COUNSEL; FOR HIS DEFICIENT PERFORMANCE WHICH RESULTED IN THE PETITIONER BEING INCARCERATED BEYOND THE PLEA THAT WAS AGREED UPON.
 II. INEFFECTIVE COUNSEL: FOR NOT PRESENTING TO THE COURT A CONFLICT OF INTEREST. THE PROSECUTING ATTORNEY FOR THE STATE WAS THE PETITIONER'S PROBATION OFFICER PRIOR TO THE OFFENSE PETITIONER PLED GUILTY TO. PETITIONER MADE HIS COUNSEL AWARE OF THIS CONFLICT BUT, COUNSEL NEVER INFORMED THE COURT. WHICH FORCED THE PETITIONER INTO AN INVOLUNTARY PLEA BECAUSE, OF THE KNOWLEDGE THE PROSECUTOR HAD OF RECORD AS HIS PROBATION OFFICER.
 III. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF: DEFENDANT CANNOT BE BARRED ON BASIS OF RES JUDICATA R.C. 2953.21.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On June 16, 1983, the Grand Jury issued an indictment against appellant for two counts of kidnapping, two counts of aggravated robbery, eight counts of rape, and one count of felonious assault. On July 7, 1983, appellant was indicted for one count of carrying a concealed weapon and for one count of having a weapon while under a disability. On September 12, 1983, appellant pled guilty to carrying a concealed weapon, one count of aggravated robbery, and one count of rape. The remaining charges were nolled. No direct appeal was taken from the conviction.
On September 19, 1996, appellant filed a petition for post-conviction relief in which appellant primarily requested to be resentenced pursuant to Senate Bill 2. Appellant also raised a claim of ineffective assistance of counsel. Appellant argued that the prosecutor had been his probation officer and that his attorney ignored the information. Appellant attached an affidavit in which he averred that all of the representations made in the petition were true. No other supporting evidence was offered. On September 30, 1996, the trial court denied appellant's petition. On November 10, 1998, the trial court issued findings of fact and conclusions of law. The trial court found that Senate Bill 2 did not apply because appellant committed the crimes before the effective date of the statute. The trial court also found appellant's petition to be time-barred pursuant to R.C.2953.21(A)(2).
 II.
Appellant's assignments of error will be addressed together as similar issues of law and fact are present in each. Basically, appellant is arguing that his petition for post-conviction relief should not have been denied by the trial court. Appellant contends he received ineffective assistance of counsel because defense counsel ignored the information concerning the prosecutor's former role as appellant's probation officer and because appellant received a sentence in excess of what he expected.
R.C. 2953.21(A) provides:
 Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. State v.Walden (1984), 19 Ohio App.3d 141, 146. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975),42 Ohio St.2d 46, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175. The petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing. Id.
The claim of ineffective assistance of counsel requires proof that "counsel's performance is proved to have fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from counsel's performance. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. The burden is on the defendant to prove ineffectiveness of counsel. State v. Smith (1985),17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.
When assessing whether or not to grant a hearing, the trial court should examine the contents of the affidavits offered in support of the petition. A trial court may discount self-serving affidavits from the petitioner or his family members, identical affidavits, or affidavits which rely on hearsay as not being credible. State v. Moore (1994), 99 Ohio App.3d 748.
The trial court determined that appellant's petition was time-barred under R.C. 2953.21(A)(2). The trial court did not correctly apply this provision because appellant had one year from the September 21, 1995, effective date of R.C. 2953.21(A)(2) in which to file his petition. See State v. Pierce (1998),127 Ohio App.3d 578. Appellant filed his petition on September 19, 1996. Therefore, appellant's petition was not time-barred. Even so, an appellate court must affirm the judgment of a trial court if the judgment is legally correct on other grounds because such an error is not prejudicial. State v. Payton (1997), 124 Ohio App.3d 552.
Appellant's only evidence in support of his petition for post-conviction relief was an extremely brief affidavit of veracity in which appellant merely averred that the representations in the petition were true. This "evidence" is the epitome of a self-serving affidavit and easily will be discounted because it is not proof which is adequate to support a post-conviction relief petition. Because appellant really offered no evidence along with his petition, the trial court correctly denied appellant's petition for post-conviction relief.
Appellant's first, second, and third assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR.
 ______________________________ LEO M. SPELLACY JUDGE