JOURNAL ENTRY AND OPINION
Petitioner-appellant Harry Mitts (appellant) appeals from the denial of his petition for post-conviction relief.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN SUMMARILY DISMISSING APPELLANT'S R.C. § 2953.21
POSTCONVICTION ACTION WITHOUT ACCORDING HIM AN EVIDENTIARY HEARING.
 II. OHIO'S POSTCONVICTION SYSTEM DOES NOT COMPLY WITH THE REQUIREMENTS OF DUE PROCESS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY DISMISSING HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE MITIGATION PHASE OF THE TRIAL.
 IV. THE STATE COURTS HAVE FAILED TO ENGAGED (SIC) IN A MEANINGFUL PROPORTIONALITY REVIEW AS IS REQUIRED BY R.C. § 2929.05(A).
 V. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY DENYING RELIEF OF THE CLAIMS RELATING TO THE NEED FOR DISCOVERY, INVESTIGATORS AND EXPERT ASSISTANCE.
 VI. THE APPELLANT'S CONVICTIONS AND SENTENCES ARE VOID AND/ OR VOIDABLE BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT HIS CONVICTIONS OF AGGRAVATED MURDER.
 VII. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN THE GUILT-INNOCENCE DETERMINATION PHASE OF MY CASE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 VIII. THE TRIAL COURT ERRED BY FINDING CLAIMS I, II, III, IV, V AND VI BARRED BY THE DOCTRINE OF RES JUDICATA.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On November 4, 1994, a jury convicted appellant of two counts of aggravated murder and two counts of attempted murder. After a mitigation hearing was held, the jury recommended a sentence of death. On November 21, 1994, the trial court sentenced appellant to death on both aggravated murder counts and to two consecutive ten to twenty-five years terms of imprisonment for the attempted murder convictions. This court affirmed appellant's conviction inState v. Mitts (Dec. 19, 1996), Cuyahoga App. No. 68612, unreported. The Supreme Court of Ohio upheld the conviction and sentence in State v. Mitts (1998), 81 Ohio St.3d 223.
On September 25, 1996, appellant filed a petition for post-conviction relief. Appellant raised a claim of ineffective assistance of counsel for failure to request a continuance, properly conduct voir dire, and by insisting on a blackout defense although appellant denied he suffered a blackout during the offense. Appellant raised a second claim of ineffective assistance of counsel based upon his attorney's actions during the mitigation phase of his trial. Appellant argued his attorney did not sufficiently conduct premitigation investigation regarding his mother, did not consult a mitigation specialist, failed to properly interview a psychologist, did not request a continuance to prepare for the mitigation phase of the trial, and did not adequately prepare the witnesses who testified for the defense. Appellant stated his attorney did not believe in mitigation except for residual doubt. Appellant averred his counsel did not allow him to testify under oath regarding his background.
Appellant further alleged his attorney did not adequately prepare him for his unsworn statement or consult with appellant about the preparation and presentation of mitigation evidence. Further, appellant averred the attorney refused to discuss the evidence with the psychologist or talk to a mitigation specialist.
On January 31, 1997, appellant filed a motion for appropriation of funds to hire an expert. Appellant wanted to hire a legal expert to assist in the preparation of his post-conviction proceedings. Appellant also asked for funds to appoint Dr. Eisenberg to prepare his defense regarding his claim of ineffective assistance of counsel because a psychologist was not obtained at trial.
On March 25, 1999, appellant filed an amended petition for post-conviction relief. Appellant raised the same claims for relief as in his first petition. Appellant added a claim that his attorney was ineffective for not calling certain character witnesses during mitigation. Appellant asserted his attorney should have used his medical records to reflect he exhibited remorse. Appellant argued his attorney should have hired an alcohol counselor to explain the effects of alcohol on the decision making process.
Appellant added a third ground for relief in which he claimed his sentence was void or voidable because Ohio courts do not engage in an effective proportionality review. Appellant's fourth claim for relief contested the constitutionality of Ohio's post-conviction relief proceedings as applied under prevailing case law. A fifth claim for relief contested the sufficiency of the evidence supporting his convictions for aggravated murder because of his intoxicated state. Appellant's sixth claim for relief contended his conviction was void because certain experts were not appointed to assist in his defense.
On August 16, 1999, the trial court denied appellant's petition for post-conviction relief without holding a hearing. The trial court filed findings of fact and conclusions of law. The trial court found appellant's first claim for relief regarding his claim of ineffective assistance of counsel during the guilt phase of his trial to be barred by res judicata. The trial court denied appellant's request for discovery. The trial court also determined appellant did not show the appointment of an investigator or for funding for an expert witness was reasonably necessary.
The trial court denied appellant's second claim for relief regarding ineffective assistance of counsel during the mitigation phase under the doctrine of res judicata. The trial court found the decision to call certain expert witnesses to be within the purview of trial tactics and pointed out that the defense presented four witnesses during this part of the trial. The trial court decided other witnesses appellant argued should have been called would only have provided cumulative information. The trial court also found the third, fourth, fifth, and sixth claims barred by resjudicata.
 II.
Appellant's first assignment of error challenges the dismissal of his petition for post-conviction relief without the trial court first holding an evidentiary hearing. Appellant contends he supported his petition with sufficient evidence to warrant a hearing.
A post-conviction relief proceeding is a collateral civil attack on a criminal conviction. As such, a defendant's right to post-conviction relief is not a constitutional right but is a right created by statute. Therefore, a petitioner receives no more rights than those granted by the statute. State v. Calhoun (1999),86 Ohio St.3d 279.
R.C. 2953.21(A) provides:
 Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
A trial court may dismiss a petition for post-conviction relief without first holding an evidentiary hearing. State ex rel.Jackson v. McMonagle (1993), 67 Ohio St.3d 450. The trial court may do so where it determines the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, supra, at paragraph two of the syllabus.
A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. Relief is not available when the issue has been litigated by appeal or upon a motion for a new trial. State v. Walden (1984), 19 Ohio App.3d 141,146. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975), 42 Ohio St.2d 46, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by res judicata.State v. Perry (1967), 10 Ohio St.2d 175.
Appellant inexplicably argues he entered a plea of guilty to aggravated murder. In fact, a jury convicted appellant of two counts of aggravated murder and two counts of attempted murder. Appellant's grasp of the record below seems tenuous at best. Either that, or appellant's attorney needs to exercise more care when pirating from another brief.
In support of his petition, appellant attached what appears to be possible questions and answers for various defense witnesses who were his family members. No context is offered as to when these exhibits were created or by whom. The trial court did not abuse it discretion by discounting this evidence.
Appellant also attached notes allegedly given to his attorney about his background to be used in mitigation. The Supreme Court considered appellant's background, including his childhood, Coast Guard service, and that he was gainfully employed all of his life when conducting its independent sentence assessment. Although appellant argues the jury only was to consider intoxication as a defense, the record reflects the jury was aware of evidence challenging the idea he exhibited racial hatred and showing his prior history with drinking alcohol. During the penalty phase of the trial, appellant's former in-laws testified about his personality and history. Appellant's siblings testified about their family history. Nearly all of the evidence appellant now points to as mitigation was offered at trial or would be merely cumulative of what was admitted.
The trial court correctly afforded little weight to the evidence submitted in support of appellant's petition for post-conviction relief. The trial court did not abuse its discretion by denying the petition without first holding an evidentiary hearing.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant asserts Ohio's post-conviction relief system is unconstitutional because it fails to provide any meaningful opportunity for a petitioner to challenge his or her conviction. This court upheld the constitutionality of Ohio's post-conviction proceedings in State v. Slagle (Aug. 10, 2000), Cuyahoga App. No. 76834, unreported. In State v. Wiles
(1998), 126 Ohio App.3d 71, the Eleventh District Court of Appeals held that such a challenge is not cognizable in a petition for post-conviction relief but is to be made in an original action forhabeas corpus. The court further rejected arguments that the post-conviction system is a sham but stated a petitioner's chance of success depended more on the merit of his claim than on the procedural obstacles of statutory post-conviction relief.
Appellant's second assignment of error lacks merit.
 IV.
In his third assignment of error, appellant contends the trial court abused its discretion by dismissing his claim of ineffective assistance of counsel. Appellant asserts his attorney did not adequately prepare and present evidence of mitigation. Appellant points to evidence regarding his family history, personal background, expert testimony, and the failure to call certain witnesses as evidence in support of his claim of ineffective assistance of counsel. Appellant also avers he wished to testify under oath but was prevented from doing so by his attorney.
Appellant raised a claim of ineffective assistance of counsel. The doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus. Competent, relevant, and material evidence de hors
the record may defeat the application of res judicata. This evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. State v. Lawson (1995), 103 Ohio App.3d 307. The petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing.Id.
The claim of ineffective assistance of counsel requires proof that counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The establishment of prejudice requires proof that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Id. at paragraph three of the syllabus. The burden is on the defendant to prove ineffectiveness of counsel. State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.
Much of appellant's assertions claiming ineffective assistance of counsel involve trial tactics. Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49. An attorney's selection of which witnesses to call at trial falls within the purview of trial tactics and generally will not constitute ineffective assistance of counsel. State v. Coulter
(1992), 75 Ohio App.3d 219. Asking specific questions of a witness, even an expert witness, also falls under the realm of trial tactics.
The witnesses appellant wished to call to testify about his behavior at his place of employment were cumulative of other evidence admitted at the trial. Appellant's claims about evidence regarding his mother and the failure to request a continuance are barred by res judicata. The information appellant asserts he wished to convey under oath also was cumulative to legal arguments presented at trial. State v. Lawson (1995), 103 Ohio App.3d 307. This court will not second guess every aspect of the defense attorney's presentation at the penalty phase of appellant's trial. The existence of alternative or additional mitigation theories does not establish ineffective assistance of counsel. State v. Combs
(1994), 100 Ohio App.3d 90, 105.
Appellant's third assignment of error is overruled.
 V.
Appellant's fourth assignment of error challenges the constitutionality of the proportionality review set forth in R.C.2929.05(A). Appellant contends the proportionality review, as practiced in Ohio by the Supreme Court, is not meaningful because only cases where the death sentence was imposed are used as a basis of comparison. In essence, appellant is asking this court to declare unconstitutional the method used by a superior court in deciding proportionality in capital cases. This claim is not cognizable in a petition for post-conviction relief because it does not affect the trial court's judgment of conviction or sentence. See State v. Murnahan (1992), 63 Ohio St.3d 60. The Supreme Court consistently has rejected this same challenge to the constitutionality of Ohio's proportionality review of capital cases. State v. Stallings (2000), 89 Ohio St.3d 280; State v.Getsy (1998), 84 Ohio St.3d 180.
Appellant's fourth assignment of error is overruled.
 VI.
In his fifth assignment of error, appellant contends the trial court erred by not permitting him to engage in discovery, appoint investigators, or provide funds for expert witnesses. Appellant argues this assistance was necessary for the preparation of his petition.
As appellant notes, in Calhoun, supra, the court held a petitioner for post-conviction relief receives no more rights than are granted by R.C. 2953.21. This statute does not provide for discovery. State v. Williams (Nov. 17, 1999), Summit App. No. 19437, unreported. A petitioner is not entitled to discovery to assist him in establishing substantive grounds for relief. SeeState v. La Mar (Mar. 17, 2000), Lawrence App. No. 98 CA 23, unreported. Discovery may be allowed after it is determined an evidentiary hearing is warranted. State v. Smith (1986), 30 Ohio App.3d 138. The trial court did not abuse its discretion by denying appellant's request for discovery or for the appointment of investigators and expert witnesses.
Appellant's fifth assignment of error is overruled.
 VII.
In his sixth assignment of error, appellant states his conviction is void or voidable because insufficient evidence was admitted at trial to support he formed the specific intent to murder the victims. Appellant claims his intoxicated state prevented him from being able to form the specific intent to kill necessary to be death eligible under Ohio law.
Claims challenging the sufficiency or weight of the evidence admitted at trial are to be determined in the underlying criminal proceeding and are not cognizable in post-conviction proceedings.State v. Gillespie (Mar. 9, 2000), Cuyahoga App. No. 75918, unreported. Post-conviction proceedings are to address constitutional errors which may have occurred during the trial. See State v. Powell (1993), 90 Ohio App.3d 260. A post-conviction relief proceeding is not a civil re-trial of a criminal conviction.State v. Lott (Nov. 3, 1994), Cuyahoga App. Nos. 66388, 66389, and 66390, unreported. The issue of intoxication was presented at trial and considered by the reviewing courts on appeal. This claim is barred by res judicata.
Appellant's sixth assignment of error is not well-taken.
 VIII.
In his seventh assignment of error, appellant argues his attorney was ineffective during the guilt phase of the trial. Appellant's claims his attorney did not adequately prepare for trial, conduct voir dire properly, and insisted on presenting a black-out defense are barred by res judicata.
Appellant's seventh assignment of error is meritless.
 IX.
Appellant's eighth assignment of error challenges the dismissal of all of the claims set forth in his petition on the basis of res judicata. Appellant presents a rather nebulous argument in support of this assignment of error which seems to reiterate points raised in the previous assignments of errors. Appellant has not presented any cogent arguments with citations to the record as required by App.R. 16.
Appellant's eighth assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.