OPINION
{¶ 1} Appellant, Kenneth Jones ("Jones"), appeals his conviction and sentence in the Common Pleas Court of Logan County for trafficking in drugs.
 {¶ 2} In November of 2002, the Logan County Sheriff's Office was investigating illegal drug activity at 816 West Williams Avenue in Bellefontaine, Ohio. Officers had information that crack cocaine was being used and sold at this residence. On November 22, 2002, officers applied for and received a search warrant for the residence.
 {¶ 3} Prior to executing the search warrant, officers arranged for a controlled buy at the residence with a confidential informant. The confidential informant purchased crack cocaine at the residence and gave a description of the seller to the officers. The officers executed the search warrant within approximately twenty minutes of receiving the description of the individual who sold crack cocaine to the confidential informant. Officers found several individuals inside the residence and Jones matched the confidential informant's description of the individual who sold him crack cocaine. Jones was then arrested and searched incident to his arrest. Located on Jones' person was $1,492 in small bills, including the $100 (two fifty dollar bills) of pre-recorded money that was used by the confidential information to make the controlled buy.
 {¶ 4} Jones was questioned at the Sheriff's Office about the activity in the residence. Jones admitted that crack cocaine was being smoked in the residence but denied that he sold or used any crack cocaine. When questioned regarding the large amount of cash located on his person, Jones claimed that the money was the proceeds from the sale of a car two weeks prior. Jones also claimed that he had been making change for several people in the house and that is why the prerecorded buy money was in his possession.
 {¶ 5} Brad Doseck ("Doseck") was the renter of the residence in which the search warrant was executed. Doseck admitted to officers that he knew drugs were being sold in his residence. Doseck testified at trial that prior to the execution of the search warrant there was a lot of drug activity in the residence. Doseck recalled that the confidential informant was the last person to make a purchase in the residence before officers executed the search warrant. Doseck testified that he directed the confidential informant to the kitchen in order to purchase the crack cocaine. Doseck testified that Jones was in the kitchen at that time. Doseck did not witness the actual drug transaction but testified that the confidential informant left after meeting with Jones in the kitchen.
 {¶ 6} Antoinette Alvarez ("Alvarez") was also present in the residence when the officers executed the search warrant. Alvarez testified that Jones had been bragging early in the morning on November 22, 2002 that he had already made $1,200 selling crack cocaine. Alvarez testified that she had observed many drug transactions on that day and had seen Jones selling crack in the residence.
 {¶ 7} On April 8, 2003, Jones was indicted on one count of trafficking in crack cocaine, a felony of the fifth degree in violation of R.C. 2925.03(A)(1), with a forfeiture specification for $1,392.00. A jury trial was held and Jones was found guilty of the charged offense on March 11, 2004. A sentencing hearing was held on April 19, 2004. In its April 28, 2004 judgment entry, the trial court sentenced Jones to eleven months imprisonment and ordered the forfeiture of $1,392.00. It is from this judgment that Jones now appeals asserting the following assignment of error.
The jury's verdict was against the manifest weight of theevidence.
 {¶ 8} In his sole assignment of error, Jones argues that the jury verdict is against the manifest weight of the evidence presented at trial. Jones argues that since the confidential informant was unable to recognize him at trial and none of the State's witnesses actually observed Jones sell drugs to the confidential informant, the jury should not have convicted Jones based on the evidence presented.
 {¶ 9} In order for an appellate court to reverse the trial court's judgment on the basis that the conviction is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins, 78 Ohio St.3d 380,389, 1997-Ohio-52, 678 N.E.2d 541.
Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of the proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends onits effect in inducing belief.'
Id. at 387 (citations omitted). To reverse a conviction on the manifest weight of the evidence, "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice * * *."State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 10} After reviewing the record in this case, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice. The State produced evidence that the money used in the controlled buy was in Jones' possession at the time officers executed the search warrant. In addition, the testimony of the State's witnesses produced evidence that Jones sold drugs at the residence rented by Doseck. Detective Robinson of the Logan County Sheriff's Office testified that a confidential informant, Eric Justin, was used to purchase drugs from the residence at 816 West Williams Avenue in Bellefontaine, Ohio. After the confidential informant purchased drugs from the residence he was debriefed by the officers. In his debriefing statement, the confidential informant told officers that he did not recognize the individual who had sold him drugs. The confidential informant gave the following description of the seller: black male, six foot, 160 pounds, short hair, dark complexion, wearing a black denim outfit. Audiotapes of the debriefing statement and the controlled buy were played for the jury and admitted as evidence.
 {¶ 11} When officers executed the search warrant at the residence, officers found that Jones closely fit the description given by the confidential informant. Jones was wearing black denim jeans and a shiny black jacket at the time of the search. A search of Jones' person incident to arrest revealed that Jones had a large sum of money in his pockets that included the two fifty dollar bills used in the controlled buy. Jones agreed to make a recorded statement at the Sheriff's Office which was played for the jury and admitted as evidence. Jones told officers that he had such a large sum of money on his person because he recently sold a car. Jones further explained that his possession of the controlled buy money was because he had been "making change" for people in the house. The jury was free to weigh the credibility of Jones' statement and determine that Jones' account was not truthful.
 {¶ 12} Other witnesses for the State testified that drugs were being used and sold in the residence. While Doseck did not personally observe Jones sell drugs to the confidential informant, Doseck did let the confidential informant into the residence and led him to the kitchen where Jones was once he determined what the confidential informant sought to buy. Alvarez observed Jones selling crack cocaine on the day of November 22, 2002, although she did not recall personally observing Jones sell crack cocaine to the confidential informant. Alvarez also testified that Jones had been bragging about his crack cocaine sales.
 {¶ 13} Jones argues that other individuals in the residence also sold drugs and, therefore, the State failed to prove that Jones was the individual who sold crack cocaine to the confidential informant. Andre Strickland and Darrel Jones were individuals that also allegedly made drug transactions in the residence. However, the testimony at trial revealed that Andre Strickland was not in the residence at the time the controlled buy with the confidential informant occurred. Alvarez testified that Andre Strickland had left the residence before the confidential informant arrived. Also, Strickland was not present when the officers executed the search warrant. While the testimony revealed that Darrel Jones was present in the residence at the time of the controlled buy and was present at the time the officers executed the search warrant, the description given by the confidential informant of the individual who sold him the crack cocaine did not match the physical characteristics of Darrel Jones. In addition, none of the buy money was found in Darrel's possession.
 {¶ 14} Therefore, we conclude that the jury's resolution of the conflicting testimony is not against the manifest weight of the evidence. Accordingly, Jones' assignment of error is overruled and the judgment of the Common Pleas Court of Logan County is affirmed.
Judgment Affirmed.
 Cupp and Rogers, J.J., concur.