DECISION
{¶ 1} Defendant-appellant, Redan R. Norman, appeals from a judgment of the Franklin County Court of Common Pleas overruling his October 18, 2004 motion for a new trial. Because the trial court properly overruled the motion, we affirm.
 {¶ 2} Defendant was found guilty of two counts of aggravated murder with specifications, as well as one count of kidnapping with a specification. He was sentenced to life without parole. His conviction was affirmed on appeal. State v. Norman (Dec. 23, 1999), Franklin App. No. 99AP-398.
 {¶ 3} On October 2, 2000, defendant filed a motion for new trial, contending the state's witness, Arlynda Heard, provided a statement not disclosed to the defense. Had this statement been available, defendant contended, the defense would have used it to impeach Heard's in-court testimony. According to defendant, Heard's statement was consistent with defendant's in-court testimony that defendant did not know the gun involved in the incident was loaded. The trial court overruled the motion on October 31, 2000.
 {¶ 4} On January 30, 2001, defendant filed a second motion for new trial, contending again that the prosecuting attorney's office failed to provide exculpatory evidence to the defense. In this instance, defendant contended the state failed to produce evidence relative to the autopsy report. The trial court overruled the motion on February 14, 2001, finding the motion did not comply with either Crim.R. 33 or the court's local rules.
 {¶ 5} On February 28, 2001, defendant filed another motion for new trial, asserting the same issues rejected in the trial court's February 14, 2001 judgment entry. The trial court overruled the motion on April 12, 2001. Defendant appealed the trial court's judgment entry, and this court affirmed. State v. Norman, Franklin App. No. 01AP-588 (Judgment Entry). Defendant filed a motion for reconsideration, and this court overruled the motion. State v. Norman (Oct. 8, 2002), Franklin App. No. 01AP-588 (Memorandum Decision).
 {¶ 6} On October 18, 2004, defendant filed yet another motion for new trial. He premised the motion on attached affidavits from Heard recanting her trial testimony. By judgment entry of November 8, 2004, the trial court overruled defendant's motion, finding it was not timely filed and lacked merit. Defendant appeals, assigning the following error:
The trial court abused it's [sic] discretion in overruling appellant's motion for a new trial.
 {¶ 7} A Crim.R. 33 motion for a new trial is addressed to the sound discretion of the trial judge. State v. Schiebel (1990), 55 Ohio St.3d 71,76. Pursuant to Crim.R. 33(A)(6), a new trial may be granted on the motion of a defendant when "new evidence material to the defense is discovered[,] which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) sets the time parameters for such a motion, providing it generally is to be filed within 120 days after the verdict was rendered. Nonetheless, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Id.
 {¶ 8} Because defendant filed his motion for new trial after the 120-day period set forth in Crim.R. 33(B), defendant was required to seek leave of court to file the delayed motion. State v. Lordi,149 Ohio App.3d 627, 634, 2004-Ohio-5517. Leave from the court is granted only when defendant proves by clear and convincing evidence that he was unavoidably prevented from filing a timely motion or discovering the new evidence within the time period provided by the rule. Id.; Statev. Roberts (2001), 141 Ohio App.3d 578, 584. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984), 19 Ohio App.3d 141,145-146. Because defendant failed to obtain leave of court to file his motion for a new trial, the trial court properly overruled the motion.State v. Kiraly (1977), 56 Ohio App.2d 37, 52; State v. Wooden
(Sept. 29, 1999), Summit App. No. 19398.
 {¶ 9} Even if defendant had sought leave of court to file his motion, the record does not support granting leave. In an effort to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the 120-day time limit, defendant states that "[i]t was highly unlikely that these [sic] evidence would have ever been discovered had it not been for [Heard's] religious experience and coming forth." (Motion for New Trial/Acquittal, 3.) Defendant's motion, however, fails to explain when Heard had her religious experience, when she decided to come forth, or when defendant learned of her decision to recant. Without that information, defendant's motion, on its face, fails to demonstrate he was unavoidably prevented from discovering the evidence within the time limit prescribed by Crim.R. 33(B).
 {¶ 10} Moreover, defendant's motion does not support a new trial. To warrant a new trial, new evidence to warrant a new trial must disclose "a strong probability that it will change the result if a new trial is granted," and it must not be "merely cumulative to former evidence."State v. Hawkins (1993), 66 Ohio St.3d 339, 350, quoting State v. Petro
(1947), 148 Ohio St. 505, syllabus.
 {¶ 11} Here, Heard's "recanted" testimony mirrors, and is cumulative of, some of the testimony defendant offered on his own behalf. Moreover, the result of a new trial likely would not be different because, as the state accurately notes, defendant's own testimony was inconsistent. He testified that (1) he intended to injure the victim, (2) he did not intend to injure the victim, and the shooting was an accident, (3) he was unaware the gun was loaded and intended only to pull the trigger to scare the victim, and (4) he was afraid for himself and for Heard and believed deadly force was the only way to stop the victim. In light of defendant's inconsistent testimony and the effect of impeachment on Heard's recanted testimony, we cannot say defendant has shown a strong probability of success in a new trial.
 {¶ 12} Finally, whether a motion for new trial warrants a hearing lies within the trial court's discretion. State v. Starling, Franklin App. No. 01AP-1344, 2002-Ohio-3683, at ¶ 10, citing State v. Hensley, Warren App. No. CA 2002-01-002, 2002-Ohio-3494, at ¶ 7. For the reasons set forth in this decision, the trial court did not abuse its discretion in failing to grant a hearing on defendant's motion for new trial.
 {¶ 13} Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Sadler and Bowman, JJ., concur.
Bowman, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.